**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RALPH "TREY" JOHNSON,
STEPHANIE KERKELES,
NICHOLAS LABELLA,
CLAUDIA RUIZ,
JACOB WILLEBEEK-LEMAIR, and
ALEXA COOKE
individually and on behalf of all persons similarly situated,

Plaintiffs,

v.

THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, and the following NCAA Division I Member Schools as representatives of a Defendant Class of all private and semi-public NCAA Division I Member Schools:[1]

BUCKNELL UNIVERSITY,
CORNELL UNIVERSITY,
DREXEL UNIVERSITY,
DUQUESNE UNIVERSITY,
FAIRLEIGH DICKINSON UNIVERSITY,
FORDHAM UNIVERSITY,
LA SALLE UNIVERSITY,
LAFAYETTE COLLEGE,
LEHIGH UNIVERSITY,
MONMOUTH UNIVERSITY,
PRINCETON UNIVERSITY,
RIDER UNIVERSITY,
ROBERT MORRIS UNIVERSITY,
SACRED HEART UNIVERSITY,
SETON HALL UNIVERSITY,
SAINT FRANCIS UNIVERSITY,
SAINT JOSEPH'S UNIVERSITY,
SAINT PETER'S UNIVERSITY,
VILLANOVA UNIVERSITY,
UNIVERSITY OF DELAWARE,

**Civil Action No. 19-cv-5230 (JP)**

[1] NCAA Division I Member Schools are sued in their respective incorporated name and/or in the name of their respective Board of Regents, Board of Trustees or governing body.

PENNSYLVANIA STATE UNIVERSITY,
UNIVERSITY OF PENNSYLVANIA,
UNIVERSITY OF PITTSBURGH,
RUTGERS, STATE UNIVERSITY OF
NEW JERSEY, and
TEMPLE UNIVERSITY,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE AMENDED COMPLAINT**

**WIGDOR LLP**
Michael J. Willemin (Admitted *Pro Hac Vice*)
Renan F. Varghese (Admitted *Pro Hac Vice*)
85 Fifth Avenue
New York, NY 10003
Tel: (212) 257-6800
Fax: (212) 257-6845
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com

AND

Paul L. McDonald (PA Bar No. 84856)
**P L McDonald Law LLC**
1800 JFK Boulevard, Suite 300
Philadelphia, PA 19103
Tel: (267) 238-3835
Fax: (267) 238-3801
paul@plmcdonaldlaw.com

*Counsel for Plaintiff and*
*Proposed Counsel for the Members of*
*the Proposed FLSA Collective,*
*the Proposed Pennsylvania Class,*
*the Proposed New York Class and*
*the Proposed Connecticut Class*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iv

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 1

I. THE LIBERAL STANDARD FOR ADDING NEW PLAINTIFFS .......... 1

II. THE PROPOSED ADDITIONAL PLAINTIFFS ASSERT CLAIMS THAT ARE NEARLY IDENTICAL TO THOSE ALREADY ASSERTED .......... 2

III. DEFENDANTS WILL NOT SUFFER SUBSTANTIAL PREJUDICE AND THERE IS NO OTHER REASON PLAINTIFFS SHOULD NOT BE GIVEN LEAVE TO AMEND .......... 5

IV. THE EFFICIENT ADMINISTRATION OF JUSTICE REQUIRES LEAVE TO FILE THE SAC .......... 6

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Adams v. Gould Inc.,
739 F.2d 858 (3d Cir. 1984)........................................................................................ 5

Ahmad v. Independence Order of Forresters,
81 F.R.D. 722 (E.D.Pa.1979)........................................................................................ 4

Angel Sullivan-Blake & Horace Claiborne, on behalf of themselves & others similarly situated v. FedEx Ground Package Sys., Inc.,
No. 2:18 Civ. 01698 (RJC), 2021 WL 3563389 (W.D. Pa. Aug. 12, 2021).............................. 5

Arthur v. Maersk, Inc.,
434 F.3d 196 (3d Cir. 2006)........................................................................................ 2

Bechtel v. Robinson,
886 F.2d 644 (3d Cir. 1989)........................................................................................ 2

Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n,
573 F.2d 820 (3d Cir. 1978)........................................................................................ 2

Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.,
No. Civ. 13-5592 (NLH) (AMD), 2014 WL 988829 (D.N.J. Feb. 27, 2014) ........................... 4

Foman v. Davis,
371 U.S. 178 (1962)........................................................................................ 2, 5

Formosa Plastics Corp.,
259 F.R.D. 95 (D.N.J. 2009)........................................................................................ 5

Harben v. Amer Sports Co.,
No. Civ.A.10-2284, 2010 WL 4978021 (E.D. Pa. Dec. 8, 2010) ............................................ 3

Helene Curtis Indus. v. Sales Affiliates,
105 F. Supp. 886 (S.D.N.Y. 1952) ........................................................................................ 2

Johnson v. Goldstein,
850 F. Supp. 327 (E.D.Pa. 1994) ........................................................................................ 2

Russell v. Chesapeake Appalachia, LLC,
305 F.R.D. 78 (M.D. Pa. 2015)........................................................................................ 2

Sutton v. New Century Fin. Servs.,
No. Civ. 05-3125 (DRD), 2006 WL 3676306 (D.N.J. Dec. 11, 2006)...................................... 2

Wolfson v. Lewis,
168 F.R.D. 530 (E.D.Pa.1996) ..... 2

**Rules**

Federal Rule of Civil Procedure ("Rule") 15(a) ..... 1, 2, 3, 4

## PRELIMINARY STATEMENT

Plaintiffs Ralph "Trey" Johnson, Stephanie Kerkeles, Nicholas Labella, Claudia Ruiz, Jacob Willebeek-Lemair and Alexa Cooke (together, "Plaintiffs"), on behalf of themselves and on behalf of all other similarly-situated persons, by and through undersigned counsel, hereby respectfully submit this memorandum of law in support of their motion for leave to amend the First Amended Complaint ("AC") and file a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("Rule") 15(a). For the reasons set forth herein, the Court should permit Plaintiffs to file the proposed SAC so that they can add nine (9) putative class members as new named plaintiffs given that these new putative named plaintiffs were also Division I student-athletes who were not paid the minimum wage by Defendants. Given that this case is still in its infancy, there is no prejudice to Defendants in allowing the amendment. Further, should Plaintiffs' motion to amend not be permitted, the newly proposed plaintiffs will be forced to file separate actions in separate courts, which would in turn lead to the risk of inconsistent judgments and a waste of judicial resources. This is particularly true given that the claims of the proposed putative plaintiffs overlap factually and legally with those of Plaintiffs in the instant action. As such, the Court should exercise its broad discretion available pursuant to Rule 15(a) and permit Plaintiffs to file the proposed SAC so that the claims of all putative class members/plaintiffs can be heard together in one action, rather than in piecemeal.

## ARGUMENT

### I. THE LIBERAL STANDARD FOR ADDING NEW PLAINTIFFS

Rule 15(a) provides that leave to amend "shall freely be given when justice so requires." Rule 15(a). The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and shall be granted freely absent a showing of undue delay, bad

faith or dilatory tactics. See Foman v. Davis, 371 U.S. 178, 1818 (1962). The liberal tenor of Rule 15(a) is reinforced by the underlying goals of the Federal Rules of Civil Procedure, namely, that cases are litigated on the merits whenever possible. Id.; see also Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978); Johnson v. Goldstein, 850 F. Supp. 327, 329 (E.D.Pa. 1994) ("The liberal tenor of Rule 15 is reinforced by the often-recognized principle that the Federal Rules of Civil Procedure are to be liberally construed so as to effectuate the underlying goal that cases be tried on the merits wherever possible.").

Rule 21 states that parties may be "added by order of the court on motion of any party." See also Russell v. Chesapeake Appalachia, LLC, 305 F.R.D. 78, 81 (M.D. Pa. 2015) ("The Court enjoys broad discretion in deciding Rule 21 motions). Therefore, where parties satisfy the requirements under Rule 15(a) for leave to amend, they will generally be permitted to add parties under Rule 21. Sutton v. New Century Fin. Servs., No. Civ. 05-3125 (DRD), 2006 WL 3676306, at *1 (D.N.J. Dec. 11, 2006) (citing Wolfson v. Lewis, 168 F.R.D. 530, 533 (E.D.Pa.1996)); see also 7 Charles A. Wright, Arthur Miller & Mary K. Kane, Federal Practice and Procedure § 1688 (2d ed. 1986)). As detailed below, Plaintiffs easily meet the standards for leave to amend the SAC.

## II. THE PROPOSED ADDITIONAL PLAINTIFFS ASSERT CLAIMS THAT ARE NEARLY IDENTICAL TO THOSE ALREADY ASSERTED

The adding or dropping of parties "is a matter to be treated liberally and is within the sound discretion of the court." Helene Curtis Indus. v. Sales Affiliates, 105 F. Supp. 886, 900 (S.D.N.Y. 1952), aff'd, 199 F.2d 732 (2d Cir. 1952); see also Arthur v. Maersk, Inc., 434 F.3d 196, 212 (3d Cir. 2006) ("Unquestionably, we must construe the Federal Rules of Civil Procedure liberally to allow parties their day in court."); Bechtel v. Robinson, 886 F.2d 644, 652

(3d Cir. 1989) ("the courts have shown a strong liberality in allowing amendments under Rule 15(a)." (internal quotation marks and ellipses omitted)). Particularly, like here, where the facts giving rise to the claims of proposed additional plaintiffs are substantially similar to the named plaintiffs, courts find that to permit amendment will not cause undue prejudice to the defendants. See Harben v. Amer Sports Co., No. Civ.A. 10-2284, 2010 WL 4978021, at *4 (E.D. Pa. Dec. 8, 2010) (stating that "where the evidence required to meet these new allegations is substantially similar to that which was originally required, prejudice does not exist. (internal quotation marks omitted)).

In this matter, the proposed additional plaintiffs are all similarly situated to Plaintiffs as they are all current or former Division I student athletes who were denied the minimum wage that they were entitled to under the law:

- Rhesa Foster was a student athlete on the University of Oregon's NCAA Track and Field Team from 2016 to 2021 who was denied the minimum wage. See Ex A to Declaration of Michael J. Willemin ("Willemin Decl."), Proposed SAC, at ¶ 26 (the redlined version of the SAC is attached as Ex. B to the Willemin Decl.).

- Laura Hamilton was a student athlete on the University of Pennsylvania's NCAA Soccer Team from 2017 to 2020. See Ex. A at ¶ 27.

- Zachary Harris was a student athlete on Tulane University's NCAA Football Team from 2014 to 2018. See Ex. A at ¶ 28.

- Matthew Schmidt was a student athlete on the University of Notre Dame's NCAA Lacrosse Team from 2017 to 2021. See Ex. A at ¶ 29.

- Tamara Schoen was a student athlete on the University of Arizona's Softball Team from 2015 to 2019. See Ex. A at ¶ 30.

- Gina Snyder was a student athlete on Purdue University's Softball Team from 2014 to 2017 and University of Arizona's Softball Team from 2017 to 2019. See Ex. A at ¶ 31.

- Esteban Suarez was a student athlete on Duke University's Track and Field Team from 2016 to 2020. See Ex. A at ¶ 32.

- Liam Walsh was a student athlete on Marist College's NCAA Lacrosse Team from 2014 to 2018. See Ex. A at ¶ 33.

Similarly, the proposed named defendants are the seven other NCAA Division I schools that the proposed named plaintiffs attended: University of Oregon, Purdue University, University of Arizona, University of Notre Dame, Tulane University, Duke University and Marist College. As with all of the other Division I schools named as defendants in this case, the proposed named defendants followed the same policies refusing to pay Student Athletes a minimum wage for all hours worked in association with participation in their sports.

As such, the claims of the new proposed named plaintiffs involve the substantially same facts, policies and conduct as the operative claims of the Plaintiffs. Therefore, the addition of the new plaintiffs will not burden or unduly delay the litigation of this matter.

Furthermore, Rule 21 governs misjoinder and nonjoinder of parties. In relevant part, it authorizes a court to "at any time, on just terms, add or drop a party." Rule 21. "The same liberal standard" for amending pleadings under Rule 15(a) applies to the joinder of parties under Rule 21. Custom Pak Brokerage, LLC v. Dandrea Produce, Inc., No. Civ. 13-5592 (NLH) (AMD), 2014 WL 988829, at *1 (D.N.J. Feb. 27, 2014); Ahmad v. Independence Order of Forresters, 81 F.R.D. 722, 728 (E.D.Pa.1979) aff'd sub nom. Ahmad v. Indep. Ord. of Foresters Suite A-116, 707 F.2d 1399 (3d Cir. 1983) (stating that courts "grant motions to add parties at the early stages of litigation almost as a matter of course since the liberal standard of Rule 15 also applies to Rule 21 motions").

## III. DEFENDANTS WILL NOT SUFFER SUBSTANTIAL PREJUDICE AND THERE IS NO OTHER REASON PLAINTIFFS SHOULD NOT BE GIVEN LEAVE TO AMEND

The Supreme Court determined that in the absence of "undue delay, bad faith or dilatory motive," leave to amend should be freely given. Foman, 371 U.S. at 182. Because the rule is interpreted liberally, amendment is normally permitted, especially where, as here, discovery is still ongoing. See Formosa Plastics Corp., 259 F.R.D. 95, 99 (D.N.J. 2009) ("[T]he proposed amendment will not significantly delay resolution of the action, as fact discovery remains ongoing at this point"); Adams v. Gould Inc., 739 F.2d 858, 869 (3d Cir. 1984) (granting leave to amend complaint where "defendants are not prejudiced"); Angel Sullivan-Blake & Horace Claiborne, on behalf of themselves & others similarly situated v. FedEx Ground Package Sys., Inc., No. 2:18 Civ. 01698 (RJC), 2021 WL 3563389 (W.D. Pa. Aug. 12, 2021) (permitting plaintiffs to add class action claims to their existing FLSA collective action claims where defendant did not establish prejudice or bad faith).

Unquestionably, Plaintiffs are not amending their complaint in bad faith or with a dilatory motive. The Court only ruled on the Attended School's motion to dismiss on August 25, 2021. Plaintiffs have moved with expediency to ensure that additional student athletes who have had their rights similarly violated by Defendants' actions can seek redress. This is not a situation where a party is seeking to ambush an adversarial party at the "eleventh hour" by seeking to add additional named parties with no warning.

Second, there will be no prejudice to Defendants if Plaintiffs are allowed to file their proposed SAC. Leave to amend should be granted in this matter as Plaintiffs have acted promptly to request permission to further amend the complaint, having first sought Defendants' consent, and then filing this application after Defendants have refused to indicate whether they

consented to Plaintiffs' request. Willemin Decl. at ¶¶ 9-12. Furthermore, the case is still in its early stages and no discovery has taken place, nor have Defendants even filed their opposition to Plaintiffs' pending class certification motion. Thus, an amendment to the pleadings will not affect any deadlines in this case. Rather, if the Court does not grant leave to amend, the new proposed plaintiffs will be left with no choice but to file a separate action, meaning that claims that contain overlapping facts and issues may be decided by two separate courts, creating the potential of inconsistent decisions, and certainly an inefficient use of resources.

In sum, Defendants will not suffer substantial prejudice as a result of granting Plaintiffs' request to leave to amend.

## IV. THE EFFICIENT ADMINISTRATION OF JUSTICE REQUIRES LEAVE TO FILE THE SAC

As stated above, were the Court to deny Plaintiffs' request to leave to amend, the proposed additional plaintiffs would be forced to bring a separate action. In the interest of an efficient administration of justice, the claims of the proposed additional plaintiffs should be tried along with the current named Plaintiffs because their claims are substantially the same or similar and are brought against the same Defendants. Thus, it would be a waste of judicial resources to try the additional plaintiffs' claims separately from the named Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to amend their complaint and accept the proposed SAC.

Dated: September 2, 2021
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: ______________________________
Michael J. Willemin (Admitted *Pro Hac Vice*)
Renan F. Varghese (Admitted *Pro Hac Vice*)

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com

AND

s/ Paul L. McDonald

Paul L. McDonald
P L McDONALD LAW LLC
1800 JFK Boulevard, Suite 300
Philadelphia, PA 19103
Telephone: (267) 238-3835
Facsimile: (267) 238-3801
Email: paul@plmcdonaldlaw.com

*Counsel for Plaintiffs and Proposed Counsel for the Members of the Proposed FLSA Collective, the Proposed Pennsylvania Class, the Proposed New York Class and the Proposed Connecticut Class*

**ORAL ARGUMENT REQUESTED**

Pursuant to Local Rule 7.1(f), Plaintiffs request oral argument on their Motion for Leave to Amend the Amended Complaint and File a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).

Dated: September 2, 2021
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: ______________________
Michael J. Willemin (Admitted *Pro Hac Vice*)
Renan F. Varghese (Admitted *Pro Hac Vice*)

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com

AND

s/ Paul L. McDonald

Paul L. McDonald
P L McDonald Law LLC
1800 JFK Boulevard, Suite 300
Philadelphia, PA 19103
Telephone: (267) 238-3835
Facsimile: (267) 238-3801
Email: paul@plmcdonaldlaw.com

*Counsel for Plaintiffs and*
*Proposed Counsel for the Members of*
*the Proposed FLSA Collective,*
*the Proposed Pennsylvania Class,*
*the Proposed New York Class and*
*the Proposed Connecticut Class*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 6, 2020, the foregoing document was served upon counsel by filing via the CM/ECF system, which will send an email notice to registered parties.

Dated: September 2, 2021
       New York, New York

                                                    Michael J. Willemin