John E. MacDonald (Pa. Bar No. 82828)
   jmacdonald@constangy.com
CONSTANGY, BROOKS, SMITH &
   PROPHETE, LLP
989 Lenox Drive
Suite 206 (2nd Floor)
Lawrenceville, New Jersey 08648
Telephone: (609) 454-0096
Facsimile: (609) 844-1102

Donald S. Prophete (admitted *pro hac vice*)
   dprophete@constangy.com
CONSTANGY, BROOKS, SMITH &
   PROPHETE, LLP
2600 Grand Boulevard, Suite 750
Kansas City, Missouri 64108-4600
Telephone: (816) 472-6400
Facsimile: (816) 472-6401

Steven B. Katz (admitted *pro hac vice*)
   skatz@constangy.com
CONSTANGY, BROOKS, SMITH &
   PROPHETE, LLP
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RALPH "TREY" JOHNSON, *et al.*, individually and on behalf of all persons similarly situated,<br><br>            Plaintiffs,<br>   v.<br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, *et al.*,<br><br>            Defendants. | Civil Action No. 2:19-cv-05230-JP<br><br>**CORRECTED MOTION OF THE ATTENDED SCHOOLS TO CERTIFY INTERLOCUTORY APPEAL OF RULING DENYING THEIR MOTION TO DISMISS (ECF 55-56)** |

I.
SUMMARY OF MOTION.

Federal Rule of Civil Procedure 59(d)(6) empowers this Court to "relieve a party . . . from a[n] . . . order . . . for . . . any reason that justifies relief." Title 28 U.S.C. "[s]ection 1292(b)[1] permits appeals of interlocutory orders upon certification by the district judge and permission by the court of appeals." *Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir. 1981). The Attended School Defendants (Cornell University, Fordham University, Lafayette College, Sacred Heart University and Villanova University) request this Court amend its memorandum and order denying their Motion to Dismiss the First Amended Complaint (ECF 55-56) ["Order"]) to certify an interlocutory appeal so the Third Circuit may resolve two questions[2] critical to discovery, pre-trial motion practice, and trial of this lawsuit:

(1) Are student-athletes ever *ipso facto* employees of the schools for whom they compete under the Fair Labor Standards Act?

(2) If so, under what circumstances are student athletes *ipso facto* considered employees of their schools?

---

[1] "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . ." 28 U.S.C. § 1292(b).

[2] As the Supreme Court held in *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996), "appellate jurisdiction [under § 1292(b)] applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court. . . . [T]he appellate court may address any issue fairly included within the certified order because 'it is the order that is appealable, and not the controlling question identified by the district court.' [*Citation omitted.*]" *Id.* at 204. *Accord, e.g., Tristani ex rel. Karnes v. Richman*, 652 F.3d 360, 366 (3d Cir. 2011). Attendant Schools identify the primary questions included within the Order to facilitate the Court's analysis of § 1292(b) criteria.

-1-

"[A] non-final order may only be certified for interlocutory appeal if the court determines it: (1) involves a 'controlling question of law,' (2) for which there is 'substantial ground for difference of opinion,' and (3) which may 'materially advance the ultimate termination of the litigation' if appealed immediately." *J.B. ex rel. Benjamin v. Fassnacht*, 801 F.3d 336, 339 n.8 (3d Cir. 2015) (*quoting Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 [3d Cir.], *cert. denied*, 419 U.S. 885 (1974), and *Knipe v. SmithKline Beecham*, 583 F.Supp.2d 553, 598-99 [E.D. Pa. 2008]). *See also, e.g., Cave v. Saxon Mortgage Services, Inc.*, No. CV 11-4586, 2016 WL 4203864, at *7 (E.D. Pa., Mar. 4, 2016); *Muhammad v. Weis*, No. CIV.A. 08-3616, 2009 WL 3260592, at *3 (E.D. Pa., Oct. 7, 2009). "Section 1292(b) was the result of dissatisfaction with the prolongation of litigation" and the drafters "referred specifically to cases in which a long trial results from a pretrial order erroneously overruling a defense going to the right to maintain the action." *Katz,* 496 F.2d at 753-54. "[T]he purpose of § 1292(b) [is] to permit decision of legal issues as to which there is considerable question without requiring the parties first to participate in a trial that may be unnecessary." *Johnson v. Alldredge,* 488 F.2d 820, 823 (3d Cir.1973), *cert. denied sub nom., Cronrath v. Johnson*, 419 U.S. 882 (1974). It advances a policy of "avoidance of possibly wasted trial time and litigation expense." *Katz,* 496 F.2d at 756.

The Order satisfies all the criteria set forth in § 1292(b):

- The Order indisputably presents a "controlling question of law," since, if reversed by the Third Circuit, it would result in dismissal. *See Katz,* 496 F.2d at 755 (a "controlling question of law" under 28 U.S.C. § 1292[b] encompasses not only "every order which, if erroneous, would be reversible error on final appeal," but also those questions that are "serious to the conduct of the litigation, either practically or legally.")
- The Order addresses questions over which there is "substantial ground for difference of opinion," since this Court's ruling diverges

from the ruling of the Seventh Circuit in *Berger v. National Collegiate Athletic Ass'n*, 843 F.3d 285 (7th Cir. 2016), and the Northern District of California in *Dawson v. National Collegiate Athletic Ass'n*, 250 F.Supp.3d 401 (N.D. Cal. 2017). Both of those courts dismissed similar claims brought by student-athletes because student-athletes were not *ipso facto* employees of the schools for whom they played sports.

- Immediate review of the Order indisputably will "materially advance the ultimate termination of the litigation." If the Order is reversed, it ends the litigation as to all defendants.

## II.
### THE ORDER INDISPUTABLY PRESENTS A CONTROLLING QUESTION OF LAW.

"[T]he Third Circuit interprets the standard for 'controlling issue of law' more broadly than others." *In re: Domestic Drywall Antitrust Litigation*, No. 2437 13-MD-2437, 2016 WL 2941114, at *1, n.2 (E.D. Pa., May 20, 2016). The Third Circuit holds that a "controlling question of law" under 28 U.S.C. § 1292(b) encompasses not only "every order which, if erroneous, would be reversible error on final appeal," but also those questions that are "serious to the conduct of the litigation, either practically or legally," even if not determinative of a claim. *Katz*, 496 F.2d at 755; *see also In re: Domestic Drywall Antitrust Litigation*, 2016 WL 2941114, at *3.

This Court's ruling "that the Complaint plausibly alleges that Plaintiffs are employees of the ASD for purposes of the FLSA" (ECF 55, p. 30) indisputably presents a controlling question of law, as reversal would lead to dismissal of the entire action. *See, e.g., Katz*, 496 F.2d at 755; *Klapper v. Commonwealth Realty Trust*, 662 F. Supp. 235, 236 (D. Del. 1987) (noting that questions that would cause termination of a case are "particularly well suited for an interlocutory appeal").

### III.
#### THE ORDER ADDRESSES LEGAL QUESTIONS OVER WHICH THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION.

"In the Third Circuit, there is substantial ground for difference of opinion 'if there is genuine doubt or conflicting precedent as to the correct legal standard.'" *In re: Domestic Drywall Antitrust Litigation*, 2016 WL 2941114, at *3 (*quoting Bradburn Parent Teacher Store, Inc. v. 3M*, No. 02-cv-7676, 2005 WL 1819969 at *4 [E.D. Pa. Aug. 2, 2005]). "[G]enuine doubt as to the correct legal standard" exists when an order addresses "difficult and pivotal questions of law not settled by controlling authority." *Knipe*, 583 F. Supp. 2d at 599 (*quoting McGillicuddy v. Clements*, 746 F.2d 76, 76 n. 1 [1st Cir. 1984). *See also In re Chocolate Confectionary Antitrust Litigation*, 607 F.Supp.2d 701, 705-706 (M.D. Pa. 2009) ("A substantial ground for difference of opinion exists when controlling authority fails to resolve a pivotal matter.") "[T]he absence of controlling law on a particular issue can constitute substantial grounds," as can "[c]onflicting and contradictory opinions." *Knipe*, 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008) (*cited with approval in J.B. ex rel. Benjamin*, 801 F.3d at 339 n.8). *Accord In re Chocolate Confectionary Antitrust Litigation*, 607 F.Supp.2d at 706. *See also, Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (explaining there are substantial grounds for difference of opinion when "the issues are difficult and of first impression"). The mere absence of controlling law on a particular issue can constitute substantial ground for a difference of opinion sufficient to warrant interlocutory appeal. *See Bellas v. CBS, Inc.*, 221 F.3d 517, 518 (3d Cir. 2000) ("This matter has been certified for interlocutory appeal to address a question of first impression in this court . . . .") Conflicting opinions either within the Circuit,

or without, also create "genuine doubt." See Max Daetwyler Corp. v. R. Meyer, 575 F.Supp. 280, 283 (E.D. Pa. 1983) (certifying question based on split among district courts nationally), certified question answered, 762 F.2d 290 (3rd Cir. 1985).

The Third Circuit has not spoken on the issues in the Order. But the Seventh Circuit has—directly—when it held "as a matter of law, that student athletes are not employees under the FLSA." Berger, 843 F.3d 294. The Northern District of California, when presented with the same issues absent guidance from its own Ninth Circuit, found the Seventh Circuit's reasoning "persuasive" and held that "there is simply no legal basis for finding [student athletes] to be "employees" under the FLSA." Dawson, 250 F.Supp.3d 403, 408. That this Court—under the same circumstances as the Northern District of California—chose not to follow the Seventh Circuit, demonstrates both "genuine doubt" and "conflicting precedent" on the issue.

Plaintiffs may attempt to argue that there is a difference between the Order in this case and the decisions in Berger and Dawson based upon the Supreme Court's recent decision in National Collegiate Athletic Ass'n v. Alston, 141 S.Ct. 2141 (2021). But Alston does not undermine in the slightest the continuing viability of the Berger or Dawson decisions.[3] If anything, by strongly distinguishing education-related financial support for student athletes from direct compensation for playing sport, Alston supports the principle that the economic reality of student athletics is—and should continue to be—that student athletes do not receive "'unlimited payments *unrelated to education*, akin to salaries seen in professional sports leagues'" from schools. NCAA GIA Litig. II, 958 F.3d at 1258 (quoting 375 F. Supp. 3d at 1083) (emphasis added). Indeed, Alston praises the district court's care in crafting a remedy that "*would not blur*

---

[3] Alston does not reverse, limit, disapprove or criticize Berger or Dawson in any fashion. It does not even mention Berger or Dawson once, and can hardly be taken as a repudiation of either holding.

*the distinction between college and professional sports*" (*Alston,* 141 S.Ct. at 2164 [emphasis added]) and leaves undisturbed numerous statements in the lower court opinions erecting a veritable 'jurisprudential firewall' between defraying the costs of education for student athletes and paying them to play sport.

To be clear, this case has nothing to do with the sort of "education-related benefits" that *Alston* addressed, but rather, "compensation related to athletic performance"—a subject of NCAA rules that the lower courts in *Alston* "refused to disturb," and which rulings "the student-athletes [did] not challenge" before the Supreme Court. As such, any reliance by this Court on *Alston* only deepens, and does not dissipate, the "genuine doubt" and "conflicting precedent" as to the correct legal standard.[4]

A "moving party may meet its burden to demonstrate a 'substantial ground for difference of opinion' by showing that 'different courts have issued conflicting and contradictory opinions when interpreting a particular question of law.'" *Southeastern Pennsylvania Transportation Authority v. Orrstown Financial Services, Inc.*, No. 1:12-CV-00993, 2020 WL 4041049, at *3 (M.D. Pa., July 17, 2020). There is no serious dispute that the Attended Schools have done so.

## IV.
### IMMEDIATE APPEAL FROM THE ORDER WILL MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LAWSUIT.

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 635 (D.N.J. 2014) (*quoting Pub. Interest Research Grp. of N.J., Inc.*

---

[4] Justice Kavanaugh's criticism of the Ninth Circuit's firewall between restrictions of paying student-athletes to play sport, and other forms of outside compensation or compensation for education-related expenses (*see* ECF 55, p. 12) appears only in his concurrence, which was not joined by any other justice. It does not appear in the majority opinion. Statements in a concurrence of one that appear nowhere else are the very definition of *dicta*.

*v. Hercules, Inc.*, 830 F.Supp. 1549, 1557 [D.N.J. 1993]).  Section 1292(b) "is designed to allow for early appeal of a legal ruling when resolution of the issue may provide more efficient disposition of the litigation." *Ford Motor Credit*, 664 F.2d at 380.  "In considering whether an appeal would materially advance the ultimate termination of litigation, 'courts have focused on whether an appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *In re: Domestic Drywall Antitrust Litigation*, 2016 WL 2941114, at *4 (*quoting United States v. Exide Corp.*, No. 00-cv-3057, 2002 WL 992817, at *2 [E.D. Pa. May 15, 2002).  The key consideration in the third element of § 1292(b) is "the avoidance of harm" to the petitioning party from wasted trial time and litigation expenses. *Katz,* 496 F.2d at 756.

"It is not required that a reversal of the Court's Order would end the litigation." *In re: Domestic Drywall Antitrust Litigation*, 2016 WL 2941114, at *4 (*citing Katz,* 496 F.2d at 755).  "Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set." *N.J. Protection & Advocacy, Inc. v. N.J. Dep't of Educ.*, No. 07-2978 (MLC), 2008 WL 4692345, at *3 (D. N.J. Oct. 8, 2008).  For example, Judge Conner in the Middle District has noted that certification was appropriate where "[d]iscovery on class and merits issues has not yet commenced and will likely implicate reams of documents, weeks of depositions, and a battery of interrogatories and requests for admissions. Expenses in the form of attorney time, document storage, and parties' involvement will likely mount as discovery progresses.") *In re Chocolate Confectionary Antitrust Litigation,* 607 F.Supp.2d at 707-08.

Here, immediate appeal not only "may" materially advance the ultimate termination of the lawsuit; it "will" do so regardless of how the Third Circuit rules.  If the Third Circuit adopts the reasoning of the Seventh, this case will be over.  If the Third splits with the Seventh, and sets forth the governing test, it will simplify discovery, motion practice, and trial. In this respect, the issues

presented in the Order cannot be distinguished from the statute-of-limitations issue this Court certified for interlocutory appeal in *Steven I. v. Central Bucks School Dist.*, No. CIV.A. 08-571, 2009 WL 839055, at *2 (E.D. Pa. Mar. 27, 2009), *rev'd*, 618 F.3d 411 (3rd Cir. 2010), *cert. denied*, 562 U.S. 1220 (2011).

V.
BECAUSE A THIRD CIRCUIT RULING WILL STREAMLINE—OR END—THIS LAWSUIT, THIS COURT SHOULD CERTIFY AN INTERLOCUTORY APPEAL.

This Court's analysis does not end upon a determination that the criteria set forth in § 1292(b) have been satisfied.  Next, it "must decide whether it should exercise its discretion.  'The key consideration is…whether [the Court's Order] truly implicates the policies favoring interlocutory appeal.' [*Citation omitted*.] 'Those policies . . . have included the avoidance of harm to a party pendent lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expenses.' [*Citation omitted*.] Judge Becker concluded that there is an additional factor to consider in the discretionary analysis: 'the uniqueness, exceptionality, or extraordinary importance of the question of law involved.'" *In re: Domestic Drywall Antitrust Litigation*, 2016 WL 2941114, at *3 (*quoting Katz*, 496 F.2d at 755, and *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, MDL No. 189, Nos. 74-cv-2451, 74-cv-3257, 1979 WL 1689, at *1 [E.D. Pa. 1979]).

In *Mullen v. Norfolk Southern Ry. Co.*, No. CIV. 13-6348, 2014 WL 2587017 (E.D. Pa., June 10, 2014), Judge Baylson declined certification—even though the statutory criteria were satisfied—because of "the limited nature" of question raised.  *Id.* at *2 (*quoting Harris v. Kellogg, Brown & Root Servs., Inc.*, CIV.A. 08-563, 2009 WL 1248060 [W.D. Pa. Apr. 30, 2009]).  In *Harris*, however, the "limited nature" of the question was demonstrated by only four cases' addressing it in 17 years.  *See Harris*, 2009 WL 1248060, at *3.  Here the question has been raised in four cases in as many years. Judge Baylson also observed that even though a Third Circuit ruling in the moving party's favor "would end the

-8-

litigation," an unfavorable ruling would simply "delay the ultimate termination of a dispute" for no good reason. *Mullen*, 2014 WL 2587017, at *2 (*citing Singh v. Daimler-Benz, AG*, 800 F.Supp. 260, 263 [E.D.Pa. 1992], *aff'd*, 9 F.3d 303 [3d Cir. 1993] ["[I]f the third circuit finds that this court does in fact have jurisdiction, the litigation will not be advanced, but will instead will be considerably delayed."]). That cannot be the case here, as the most likely outcome is that the Third Circuit agrees with *Berger*, reversing this Court and ordering dismissal, or it disagrees with *Berger*, announces the governing standard, guiding further proceedings in this case (and resolving an issue sure to be appealed from final judgment).

## VI.
### CONCLUSION.

This is not a garden-variety wage-and-hour case. "[E]xceptional circumstances" exist which "warrant departure from the general policy against piecemeal litigation and in favor of postponing appellate review until after the entry of final judgment." *Muhammad*, 2009 WL 3260592 at *3 (*quoting Weaver v. Mobile Diagnostech, Inc.*, Civ. A. No. 02–1719, 2007 WL 2463411, at *2 [W.D. Pa. Aug. 28, 2007]). This Court should exercise its discretion to certify an interlocutory appeal of its ruling on the Attended Schools' Motion to Dismiss, amending its Order (ECF 56) accordingly.

Dated: September 29, 2021                   Respectfully submitted

                                                        s/     Steven B. Katz         .

                                                    John E. MacDonald
                                                    CONSTANGY, BROOKS, SMITH &
                                                        PROPHETE, LLP
                                                    989 Lenox Drive
                                                    Suite 206 (2nd Floor)
                                                    Lawrenceville, New Jersey 08648
                                                    Telephone: (609) 454-0096
                                                    Facsimile: (609) 844-1102

Donald S. Prophete (admitted *pro hac vice*)  
CONSTANGY, BROOKS, SMITH &  
   PROPHETE, LLP  
2600 Grand Boulevard, Suite 750  
Kansas City, Missouri 64108-4600  
Telephone: (816) 472-6400  
Facsimile: (816) 472-6401  

Steven B. Katz (admitted *pro hac vice*)  
CONSTANGY, BROOKS, SMITH &  
   PROPHETE, LLP  
2029 Century Park East, Suite 1100  
Los Angeles, California 90067  
Telephone: (310) 909-7775  
Facsimile: (424) 465-6630  

*Counsel for Defendants.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, the foregoing document was served on counsel by filing via the CM/ECF system, which will send an email notice to registered parties.

                                                s/   Steven B. Katz   .

                                                Steven B. Katz
                                                CONSTANGY, BROOKS, SMITH & PROPHETE, LLP