## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| RALPH "TREY" JOHNSON, STEPHANIE KERKELES, NICHOLAS LABELLA, CLAUDIA RUIZ, JACOB WILLEBEEK-LEMAIR, ALEXA COOKE, RHESA FOSTER, LAURA HAMILTON, ZACHARY HARRIS, MATTHEW SCHMIDT, TAMARA SCHOEN, GINA SNYDER, ESTEBAN SUAREZ and LIAM WALSH, individually and on behalf of all persons similarly situated, | **Civil Action No. 19-cv-5230 (JP)** |

Plaintiffs,

v.

THE NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION, a/k/a the NCAA, and the
following NCAA Division I Member Schools
as representatives of a Defendant Class of
all private and semi-public NCAA Division I
Member Schools:[1]

CORNELL UNIVERSITY,
DREXEL UNIVERSITY,
FORDHAM UNIVERSITY,
LAFAYETTE COLLEGE,
SACRED HEART UNIVERSITY,
VILLANOVA UNIVERSITY,
UNIVERSITY OF PENNSYLVANIA,
UNIVERSITY OF OREGON,
TULANE UNIVERSITY,
UNIVERSITY OF NOTRE DAME,
UNIVERSITY OF ARIZONA,
PURDUE UNIVERSITY,

---

[1]    NCAA Division I Member Schools are sued in their respective incorporated name and/or
in the name of their respective Board of Regents, Board of Trustees or governing body.

DUKE UNIVERSITY and
MARIST COLLEGE

                              Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO THE NCAA'S MOTION TO CERTIFY INTERLOCUTORY APPEAL OF THE RULING DENYING THEIR <u>MOTION TO DISMISS</u>

Paul L. McDonald (PA Bar No. 84856)
**P L McDonald Law LLC**
1800 JFK Boulevard, Suite 300
Philadelphia, PA   19103
Tel:      (267) 238-3835
Fax:      (267) 238-3801
paul@plmcdonaldlaw.com

AND

**WIGDOR LLP**
Michael J. Willemin (admitted *Pro Hac Vice*)
Renan F. Varghese (Admitted *Pro Hac Vice*)
85 Fifth Avenue
New York, NY   10003
Tel:      (212) 257-6800
Fax:      (212) 257-6845
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com

*Counsel for Plaintiffs and*
*Proposed Counsel for the Members of*
*the Proposed FLSA Collective,*
*the Proposed Pennsylvania Class,*
*the Proposed New York Class,*
*the Proposed Connecticut Class,*
*the Proposed North Carolina Class,*
*the Proposed Oregon Class,*
*the Proposed Louisiana Class,*
*the Proposed Arizona Class, and*
*the Proposed Indiana Class.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ iv

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...............................................................................................................................2

I.      LEGAL STANDARD......................................................................................................2

II.     THE ORDER DOES NOT PRESENT A CONROLLING QUESTION OF LAW ...........3

III.    THE ORDER DOES NOT PRESENT QUESTIONS ABOUT WHICH THERE
        EXISTS A SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINIONS...............5

IV.     AN INTERLOCUTORY APPEAL WOULD NOT ADVANCE THE
        TERMINATION OF THIS LITIGATION .......................................................................10

V.      THE COURT SHOULD EXERCISE ITS INHERENT DISCRETION TO DENY
        THE ATTENDED SCHOOLS' MOTION FOR AN INTERLOCUTORY APPEAL......12

CONCLUSION............................................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

Berger v. Nat'l Collegiate Athletic Ass'n,
   162 F. Supp. 3d 845 (S.D. Ind.) ................................................................ 6

Berger v. Nat'l Collegiate Athletic Ass'n,
   843 F.3d 285 (7th Cir. 2016) ................................................................ 6

Christy v. Pennsylvania Tpk. Comm'n,
   912 F. Supp. 148 (E.D. Pa. 1996) ........................................................ 5

Dawson v. Nat'l Collegiate Athletic Ass'n,
   932 F.3d 905 (9th Cir. 2019) ........................................................ 6, 7, 8

Douris v. Schweiker,
   229 F. Supp. 2d 391 (E.D. Pa. 2002) .................................................. 2

Fiscus v. Combus Fin. AG,
   No. CIV.A. 03-1328 (JBS), 2006 WL 2845736 (D.N.J. Sept. 28, 2006) ................................. 3

Forman v. Willix,
   No. CIV.A. 13-5291 (CCC), 2014 WL 1877628 (D.N.J. Apr. 30, 2014) ................................. 8

Harris v. Kellogg, Brown & Root Servs., Inc.,
   No. CIV.A. 08-563, 2009 WL 1248060 (W.D. Pa. Apr. 30, 2009) .................................... 5, 13

Hart v. Rick's Cabaret Int'l, Inc.,
   73 F. Supp. 3d 382 (S.D.N.Y. 2014) .................................................... 5

In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.,
   683 F.3d 462 (3d Cir. 2012) .............................................................. 4

In Re Harry Levin, Inc., No. CIV.A.,
   94-MC-304, 1995 WL 581431 (E.D. Pa. Sept. 29, 1995) ............................. 11

In re Norvergence, Inc.,
   No. ADV 05-2439 (RG), 2008 WL 5136706 (D.N.J. Dec. 5, 2008) ................. 5

Knopick v. Downey,
   963 F. Supp. 2d 378 (M.D. Pa. 2013) ................................................ 3

Koken v. Pension Benefit Guar. Corp.,
   381 F. Supp. 2d 437 (E.D. Pa. 2005) ................................................ 4

L.R. v. Manheim Twp. Sch. Dist.,
   540 F. Supp. 2d 603 (E.D. Pa. 2008) ................................................................ 11

Link v. Mercedes-Benz of N. Am., Inc.,
   550 F.2d 860 (3d Cir. 1977)........................................................................... 2

Livers v. Nat'l Collegiate Athletic Ass'n, et al.,
   No. 17 Civ. 4271, 2018 WL 3609839 (E.D. Pa. July 26, 2018) ............................. 8

McFarlin v. Conseco Servs. LLC,
   381 F.3d 1251 (11th Cir.2004) ........................................................................ 5

Ocwen Loan Servicing, LLC for Deutsche Bank Nat'l Tr. Co. v. Randolph,
   No. BR 15-10886, 2018 WL 1141737 (W.D. Pa. Mar. 2, 2018)............................ 12

Rossi v. Schlarbaum,
   No. CIV.A. 07-3792, 2009 WL 722297 (E.D. Pa. Mar. 18, 2009)........................... 2

Talarico v. Pub. Partnerships, LLC,
   837 F. App'x 81 (3d Cir. 2020) ........................................................................ 4

Yeager's Fuel, Inc. v. Pennsylvania Power & Light Co.,
   162 F.R.D. 482 (E.D. Pa. 1995)........................................................................ 8

**Other Authorities**

28 U.S.C. §1292(b) ........................................................................... 2, 3, 4

## PRELIMINARY STATEMENT

Plaintiffs Ralph "Trey" Johnson, Stephanie Kerkeles, Nicholas Labella, Claudia Ruiz, Jacob Willebeek-Lemair, Alexa Cooke, Rhesa Foster, Laura Hamilton, Zachary Harris, Matthew Schmidt, Tamara Schoen, Gina Snyder, Esteban Suarez and Liam Walsh (together, "Plaintiffs"), on behalf of themselves and on behalf of all other similarly-situated persons, by and through undersigned counsel, hereby respectfully submit this memorandum of law in opposition to the Motion to Certify an Interlocutory Appeal filed by the National Collegiate Athletic Association ("NCAA") which seeks an immediate appeal of this Court's order denying its motion to dismiss the First Amended Complaint (the "Order").

After extensive briefing by the parties, the Court ruled that the First Amended Complaint ("FAC") adequately alleged that the NCAA could be held liable as a joint employer for the wage and hour violations to which Plaintiffs were subjected.  In the Order, the Court explained that the Third Circuit had established the appropriate test to adjudicate joint employer liability and subsequently went through each of those factors.  Importantly, and despite the fact that it is not required to plead joint employer liability, the Order found that the FAC had alleged that the NCAA satisfied every single one of the factors necessary to allow Plaintiffs to proceed under a joint employer theory.

Despite the fact that the Order carefully considered all of the legal arguments advanced by both parties and found that the FAC alleged sufficient facts to plausibly state a claim that the NCAA violated the Fair Labor Standards Act ("FLSA") and state wage and hour laws, the NCAA now seeks leave for the extraordinary remedy of an interlocutory appeal.  However, the standard for an interlocutory appeal is appropriately high to ensure that both the courts and litigants are not burdened with piecemeal litigations on every issue that is decided during the

course of a case.  Here, as will be shown below, the NCAA has failed to demonstrate that they

can satisfy any of the requirements necessary to obtain such unusual relief.  To the contrary, it is

Plaintiffs and members of the putative class and/or collective who will be delayed as a result of

what is almost certain to be an unsuccessful appeal.

**ARGUMENT**

**I.     LEGAL STANDARD**

It is well established that a motion to file an interlocutory appeal represents an

"extraordinary" remedy that should only be granted "sparingly."  Rossi v. Schlarbaum, No.

CIV.A. 07-3792, 2009 WL 722297, at *4 (E.D. Pa. Mar. 18, 2009).  This is a high burden, not

easily met:

> the burden is on the party seeking certification to demonstrate that
> exceptional circumstances justify a departure from the basic policy
> against piecemeal litigation and of postponing appellate review
> until after the entry of a final judgment.

Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (internal quotations and citations

omitted), aff'd sub nom. Douris v. Rendell, 100 F. App'x 126 (3d Cir. 2004); Link v. Mercedes-

Benz of N. Am., Inc., 550 F.2d 860, 863 (3d Cir. 1977) (making clear that interlocutory review

was a rare given because "we cannot sanction an erosion of the prohibition against 'piecemeal'

appellate review").

In order to obtain this unusual remedy, the party seeking the interlocutory appeal must

demonstrate that a court's order satisfies three separate criteria: (1) "such order involves a

controlling question of law;" (2) "as to which there is substantial ground for difference of

opinion," and (3) that "an immediate appeal from the order may materially advance the ultimate

termination of the litigation."  28 U.S.C. §1292(b).  However, even if a movant can demonstrate

2

that all three factors are met, that is not the end of the inquiry. "Even if the moving party satisfies the statutory criteria, the district court possesses discretion to deny certification of an interlocutory appeal." Knopick v. Downey, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (internal quotations and citations omitted). In the instant case, the NCAA cannot satisfy the statutory criteria for an interlocutory appeal and its request should therefore be denied in its entirety.

## II.    THE ORDER DOES NOT PRESENT A CONTROLLING QUESTION OF LAW

The NCAA argues that the first factor for an interlocutory appeal, namely whether the Order presents a controlling question of law, is satisfied merely because the Court's finding that the FAC alleges that the NCAA is a joint employer under the FLSA could be considered reversible error on appeal. However, *every* ruling by a court could constitute reversible error on appeal. Far from being an "exceptional" remedy that should only be granted "sparingly" as the case law universally holds, if the NCAA's argument is accepted, one of three factors to be considered would be automatically satisfied in every single case. This is simply not the appropriate standard.

Rather, in order for a legal issue to constitute a controlling question of law, the issue must be a purely legal one, which does not require evaluation of the facts. As one court has explained:

> although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of Section 1292(b).

Fiscus v. Combus Fin. AG, No. CIV.A. 03-1328 (JBS), 2006 WL 2845736, at *2 (D.N.J. Sept. 28, 2006).

This is precisely the case here. There is no question that the Court applied the correct standard in determining whether the NCAA qualifies as a joint employer under the FLSA.

Indeed, this is not a case where the Court created its own test to determine whether the FAC alleged sufficient facts to plead a joint employer relationship.  Rather, the Third Circuit has already ruled on the appropriate test to be applied in such situations in In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig., 683 F.3d 462 (3d Cir. 2012).  This is precisely the test that the Court applied in extensively reviewing the factual allegations in the FAC before ultimately determining that the FAC adequately alleged that the NCAA qualifies as a joint employer under the law.  See Dkt. No. 64 at pp. 12-21.  Importantly, the NCAA does not even dispute that the Court applied the correct multi-factor test, nor does it argue that the Third Circuit would overrule Enterprise Rent-A-Car on appeal.  See Dkt. No. 72-1 at p. 10.  Rather, the NCAA is merely claiming it disagrees with the Court's proper application of the multi-factor test set forth in Enterprise Rent-A-Car.  However, this does not represent a controlling question of law that the Third Circuit should hear on an interlocutory appeal.  The Third Circuit has already ruled on the issue of the appropriate analysis to be undertaken to determine the existence of a joint employer relationship, and it affirmed the Enterprise Rent-A-Car test less than a year ago.  See Talarico v. Pub. Partnerships, LLC, 837 F. App'x 81, 84 (3d Cir. 2020).  There is, therefore, no legal issue for the Third Circuit to examine in the context of an interlocutory appeal.  Rather, the NCAA is challenging a question of *fact* that is solely within the scope of this Court's jurisdiction until a final judgment is issued.

Indeed, the case law is clear that where, as here, the decision turns on the application of the law to the specific facts of a particular case, courts refuse to find that the movant has identified a controlling question of law sufficient to warrant an interlocutory appeal.  See, e.g., Koken v. Pension Benefit Guar. Corp., 381 F. Supp. 2d 437, 442 (E.D. Pa. 2005) ("The antithesis of a proper § 1292(b) appeal is one that turns on ... whether the district court properly applied

4

settled law to the facts or evidence of a particular case. [Any] legal question [certified] must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law") (quoting McFarlin v. Conseco Servs. LLC, 381 F.3d 1251, 1259 (11th Cir.2004)); Harris v. Kellogg, Brown & Root Servs., Inc., No. CIV.A. 08-563, 2009 WL 1248060, at *2 (W.D. Pa. Apr. 30, 2009) (refusing to find a controlling question of law where the defendant argued that the court's application of the facts to established law warranted appellate review); Christy v. Pennsylvania Tpk. Comm'n, 912 F. Supp. 148, 149 (E.D. Pa. 1996) ("a district court's determination that questions of fact existed as to a defendant's participation in allegedly illegal conduct could not be interlocutorily appealed"); In re Norvergence, Inc., No. ADV 05-2439 (RG), 2008 WL 5136706, at *3 (D.N.J. Dec. 5, 2008) ("Misapplication of the law to the facts is not a question of law");  Hart v. Rick's Cabaret Int'l, Inc., 73 F. Supp. 3d 382, 395 (S.D.N.Y. 2014) ("fact-bound application of a multi-factor standard" not appropriate for interlocutory review).

## III.  THE ORDER DOES NOT PRESENT QUESTIONS ABOUT WHICH THERE EXISTS A SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINIONS

The NCAA also argues that there is a substantial disagreement under the law about whether the Court correctly held that the FAC alleged that it is a joint employer under the FLSA. In other words, the NCAA is effectively arguing that because other courts found that it was not a joint employer given *different allegations* and applying *different tests* than this Court, there exists a substantial difference in precedent warranting an interlocutory appeal.  The NCAA's argument grossly distorts the standard for an interlocutory appeal.

Specifically, the NCAA argues that because courts in two other cases, Berger v. Nat'l Collegiate Athletic Ass'n, 843 F.3d 285 (7th Cir. 2016), and its direct progeny, Dawson v. Nat'l Collegiate Athletic Ass'n, 932 F.3d 905 (9th Cir. 2019), found that the NCAA were not employers of student-athletes, the Court's decision in this case creates "conflicting precedent" that the Third Circuit must resolve.  This is simply not true.

As a threshold matter, the court in Berger based its holding on the fact that the plaintiffs did not even allege in their complaint that they were employees of the NCAA.  Berger, 843 F.3d 285 at 289 (quoting Berger v. Nat'l Collegiate Athletic Ass'n, 162 F. Supp. 3d 845, 849 (S.D. Ind.), aff'd, 843 F.3d 285 (7th Cir. 2016) (dismissing claims against the NCAA because "joint employment is not mentioned in the Amended Complaint, and the only fair reading of the Amended Complaint is that the Plaintiffs are alleging that they are employees of only Penn, not of the other Defendants").  Thus, Berger merely stands for the obvious proposition that, where the plaintiffs do not allege a joint employer relationship, the NCAA cannot be held liable under a joint employer theory.  Berger has no bearing on any of the issues in this case, where the FAC unquestionably alleged facts supporting a finding that the NCAA is a joint employer of student athletes.  See Dkt. No. 2 at ¶¶ 170 - 231.

Similarly, the Ninth Circuit's decision in Dawson is clearly distinguishable from the instant case, as this Court has already recognized.  Contrary to what the NCAA now claims, the Ninth Circuit did not apply the same (or even a similar) multi-factor test that the Third Circuit adopted in Enterprise Rent-A-Car to determine whether a defendant was a joint employer.  As the Court explained, Dawson applied a different three-factor test focused on (1) the expectation of compensation, (2) the power to hire and fire and (3) evidence that an arrangement was conceived or carried out to evade the law.  See Dkt. No. 64 at p. 11 (citing Dawson, 932 F.3d at

6

909).  Only one of these three factors is relevant under the Third Circuit's <u>Enterprise Rent-A-Car</u>

test, making <u>Dawson</u> distinguishable on its face.

      Moreover, as this Court also explained, the allegations in the <u>Dawson</u> complaint are

fundamentally different than the allegations herein, making <u>Dawson</u> more akin to <u>Berger</u>:

> Dawson court also determined that the complaint in that case
> alleged that the NCAA functioned solely as a regulator and not as
> an employer because, while the complaint alleged that "[t]he
> NCAA Bylaws pervasively regulate college athletics," it did not
> allege that the NCAA hired or fired "or exercise[d] any other
> analogous control, over student-athletes," or that the NCAA
> "cho[se] the players on any Division I football team," or
> "engage[d] in the actual supervision of the players' performance." .
> . . Rather, the complaint merely alleged that "the NCAA functions
> as a regulator, and that the NCAA member schools, for whom the
> student-athletes allegedly render services, enforce regulations."

<u>Id.</u> (quoting <u>Dawson</u>, 932 F. 3d at 910).

      Moreover, the court in <u>Dawson</u> found that "[t]he complaint, however, does not allege that

the NCAA/PAC-12 'hire and fire,' or exercise any other analogous control, over student-

athletes."  <u>Dawson</u>, 932 F. 3d at 910.  It also found that the complaint did not allege that the

NCAA exercised any "actual supervision" over the players.  <u>Id.</u>  In contrast, the FAC alleges in

great detail that the NCAA did, in fact, have the power to hire and fire student-athletes, Dkt. No.

2 at ¶¶ 193-202, and that the NCAA exercised authority over the supervision of student-athletes.

<u>Id.</u> at ¶¶ 203-226.  Thus, this Court correctly held that "the complaint in <u>Dawson</u> is not identical

to the Complaint in this case and, accordingly, we must engage in our own independent analysis

of the instant Complaint."  Dkt. No. 64 at p. 11.

      The NCAA seeks to elide this fact by claiming that "<u>Dawson</u> concluded that under no set

of facts could student athletes plausibly allege that the NCAA was their joint employer."  Dkt.

No. 72-1 at p. 10.  To the contrary, <u>Dawson</u> made clear that its finding was limited to the

allegations in the complaint before it.  Dawson, 932 F. 3d at 910 (explaining that the plaintiff could not establish that the NCAA was his joint employer "**on this record**") (emphasis added). The NCAA also argues that the allegations in Dawson and this case are identical because both cases relied on the NCAA's bylaws.  However, there is nothing in the decision in Dawson that indicates that the plaintiffs cited to the specific bylaws cited in the FAC.  More importantly, there is nothing in Dawson to the effect that the plaintiffs made the same allegations about the existence of the joint employer relationship that are present in the FAC in this case.  Instead, as explained above, the court found that the Dawson complaint was silent as to whether the NCAA exercised the right to hire and fire student-athletes or supervise their employment, which was fatal to the existence of a joint employer relationship.

Contrary to the NCAA's claim that a conflict in authority warrants a decision by the Third Circuit, the law is clear that the applicable precedent in *this circuit* has found that the NCAA qualifies as a joint employer.  This Court's holding is entirely consistent with Judge Michael M. Baylson's decision in Livers v. Nat'l Collegiate Athletic Ass'n, et al., No. 17 Civ. 4271, 2018 WL 3609839 (E.D. Pa. July 26, 2018), which was based on virtually identical allegations.  Without a split among courts in the Third Circuit about the proper standard in assessing the existence of a joint employer relationship, there is simply no basis to find a conflict that can only be resolved by the Third Circuit.  As this Court has previously held, without an in-circuit split, there is nothing for the Third Circuit to resolve such that there are "exceptional circumstances" warranting an interlocutory appeal.  See Yeager's Fuel, Inc. v. Pennsylvania Power & Light Co., 162 F.R.D. 482, 489 (E.D. Pa. 1995) (Padova, J.) (finding that where there was no meaningful difference of opinion in the Third Circuit, an interlocutory appeal should be denied); see also Forman v. Willix, No. CIV.A. 13-5291 (CCC), 2014 WL 1877628, at *3

8

(D.N.J. Apr. 30, 2014) ("counsel's mere argument that one precedent rather than another should control does not create substantial ground for a difference of opinion. This is especially true when those conflicting decisions are from outside this Court's jurisdiction").

In apparent recognition that the lack of an in-circuit split is fatal to their arguments, the NCAA claims that the Court should certify this case for an interlocutory appeal because it would be a matter of first impression for the Third Circuit. However, as discussed above, the proper test to be applied in adjudicating the existence of a joint employer relationship is well-established in the Third Circuit. To the extent that the NCAA is claiming that the Third Circuit has never addressed the specific factual question of whether it itself can be found to be a joint employer, it is attempting to seek an exception that would swallow the rule. Every defendant could argue that issues unique to it or the operative pleading are a matter of first impression worthy of an interlocutory appeal. Were the NCAA's arguments to be accepted, and an interlocutory appeal deemed required simply because a party disagreed with a district court's decision, it is impossible to imagine a situation where an interlocutory appeal would be denied.

Most recently, the National Labor Relations Board's (the "NLRB") general counsel issued a memo explaining that it too believes that the NCAA can be found liable for failure to compensate student-athletes under a joint employer theory of liability (the "NLRB Memo"). As the NLRB Memo explained:

> the NCAA exercises strict control over certain Players at Academic Institutions, beginning with establishing eligibility standards and terms pursuant to which they may enter the workforce (athletic team), including unilateral contract terms in the "Student-Athlete Agreement" and detailed recruitment rules, and

through extensive compliance requirements, which can result in
termination if violated.

<u>See</u> Willemin Dec., Ex. A at p. 9, n. 34 (emphasis added).  Though not binding, the NLRB

Memo clearly indicates that the weight of authority supports a finding that the NCAA can in fact

be found liable as a joint employer under the law.

## IV. AN INTERLOCUTORY APPEAL WOULD NOT ADVANCE THE <u>TERMINATION OF THIS LITIGATION</u>

Finally, the NCAA argues that this case should be certified for an interlocutory appeal

because if the Third Circuit reverses the Order, it will advance the ultimate termination of this

litigation.  Once again, the NCAA is forced to rely on tortured reasoning to support a futile

request for an interlocutory appeal.

Specifically, the NCAA argues that an interlocutory appeal does not necessarily require

that the entire case be dismissed if successful.  This is beside the point.  For an interlocutory

appeal to be warranted, the NCAA must show that it would advance the ultimate resolution of

the litigation, irrespective of how the Third Circuit ultimately rules.  Here, the NCAA claims that

certification of an interlocutory appeal would allow it to avoid "litigation expenses."  This is

simply not true.

Here, irrespective of how the Third Circuit rules on the narrow question of whether the

NCAA can be held liable as a joint employer, it will not expedite the final adjudication of this

case, nor will it eliminate the NCAA's participation in this case.  Indeed, even the scope of

discovery will not be materially affected if the NCAA is no longer named as a defendant so long

as the Attended Schools[1] remain in this case.  Because the rules precluding student athletes from

---

[1]     The "Attended Schools" are, Cornell University, Drexel University, Fordham University,
Lafayette College, Sacred Heart University, Villanova University, University of Pennsylvania,

10

receiving compensation were promulgated by the NCAA itself, Plaintiffs will necessarily be

seeking discovery from the NCAA about, *inter alia*, the individuals who participated in creating

the rules, the reasons that the rules were promulgated, what the NCAA and the Attended Schools

relied on in promulgating the rules and the basis for the NCAA and the Attended Schools' belief

that student-athletes were not employees under the FLSA.  Thus, contrary to what the NCAA

claims, even if the Third Circuit reverses the Order, discovery would proceed against the same

entities on the same issues.  In Re Harry Levin, Inc., No. CIV.A. 94-MC-304, 1995 WL 581431,

at *3 (E.D. Pa. Sept. 29, 1995) (finding that interlocutory appeal was not warranted because the

scope of discovery would remain the same irrespective of an appellate decision on motion to

dismiss); L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008) (denying

interlocutory appeal where it "would result in neither the termination nor the narrowing of this

litigation").

        Moreover, if the Third Circuit affirms the Order, as is likely given that the Enterprise

Rent-A-Car factors are well established and were all considered by the Court, Plaintiffs would

likely require a second trial to address the issue of the NCAA's liability in this case, which

would be a waste of both the parties' and the Court's time and resources and precisely the sort of

"piecemeal litigation" that cautions against interlocutory appeals in the first instance.

        The NCAA claims that even if the Third Circuit were to affirm the Order, it would

somehow assist in the ultimate resolution of this case because the Third Circuit would "[set]

forth the governing test" which would, in turn, "simplify discovery, motion practice and trial."

Dkt. No. 72-1 at pp. 13-14.  However, the Third Circuit has ***already*** set forth the appropriate test

---

University of Oregon, Tulane University, University of Notre Dame, University of Arizona,
Purdue University, Duke University and Marist College.

in Enterprise Rent-A-Car.  Again, the NCAA has not cited to any case law or evidence to

indicate that the Third Circuit would overrule a test it reaffirmed mere months ago.

## V.   THE COURT SHOULD EXERCISE ITS INHERENT DISCRETION TO DENY THE ATTENDED SCHOOLS' MOTION FOR AN INTERLOCUTORY APPEAL

Finally, even if the Court believed that the NCAA had demonstrated that they satisfied all

of the factors required to show that an interlocutory appeal is appropriate, the NCAA has the

burden of showing that "exceptional circumstances" exist in the instant case warranting an

immediate appeal.  See, e.g., Ocwen Loan Servicing, LLC for Deutsche Bank Nat'l Tr. Co. v.

Randolph, No. BR 15-10886, 2018 WL 1141737, at *6 (W.D. Pa. Mar. 2, 2018) ("even if all

three § 1292(b) factors were met, Ocwen must also demonstrate that exceptional circumstances

justify the need for immediate interlocutory review") (internal quotations omitted).  Whether a

given defendant can be held liable is plainly not the type of exceptional question that warrants

immediate review.  Such decisions are routinely made in employment cases and creating a

precedent that they are immediately appealable will burden both the district courts and the Third

Circuit with unnecessary case work.

Instead, the Court should exercise its broad discretion to deny their request given the

circumstances of this case.  This case has now been pending for two years, without a single piece

of discovery being exchanged or even an opposition from Defendants on Plaintiffs' conditional

certification motion.  An appeal to the Third Circuit, and a potential appeal to the Supreme

Court, would delay this case for, at the absolute minimum, several months.  This delay would be

especially prejudicial given the underlying facts of Plaintiffs' claims in this case.  Specifically,

all of the Plaintiffs are current and/or former college students.  As more time elapses, many, if

not most of them, will move to different locations, some several times.  It will therefore be

difficult for Plaintiffs to alert the current and/or former Student Athlete employees of their rights in the event that the Court grants Plaintiffs' class certification motion.

Moreover, as time fades, Plaintiffs and potential witnesses will be hard pressed to provide accurate evidence about *inter alia,* how many hours they worked as student-athletes, the degree of control that the Attended Schools exercised over them and the ways in which their work as student-athletes interfered with their academic experience, all of which are important topics to be explored in discovery.  In contrast, the NCAA, a multi-billion dollar organization will suffer no more prejudice having to defend this case than any defendant in a lawsuit experiences.  For the foregoing reasons, the Court should deny the Attended Schools' motion to seek leave for an interlocutory appeal.  As one court in this state explained when faced with a similar motion:

> Now that KBR's motion to dismiss has been denied, Plaintiffs should have the opportunity to conduct discovery relevant to their claims on liability without the further delay which would be caused by any appeal. To that end, it is axiomatic that over time witnesses' memories may fade, they may become unavailable and/or physical evidence may be lost, destroyed or misplaced.

> \*      \*      \*

> [T]o the extent that KBR, a multi-billion dollar international corporation, argues that an appeal is warranted based on financial concerns due to the potential avoidance of costly discovery in this litigation, the Court is certainly mindful of the costs of litigation. However, in light of the fact that the individual Plaintiffs have not raised any such concerns, the Court is not persuaded.

Harris, 2009 WL 1248060 at \*4 (internal quotations and citations omitted).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the NCAA's motion to

certify interlocutory appeal of the ruling denying its motion to dismiss be denied in its entirety.

Dated: October 22, 2021
      New York, New York

                                          Respectfully submitted,

                                          **WIGDOR LLP**

                                          By: _____

                                              Michael J. Willemin
                                            (Admitted *Pro Hac Vice*)
                                            Renan F. Varghese
                                            (Admitted *Pro Hac Vice*)
                                            85 Fifth Avenue
                                            New York, NY 10003
                                            Telephone:  (212) 257-6800
                                            Facsimile:   (212) 257-6845
                                            mwillemin@wigdorlaw.com
                                            rvarghese@wigdorlaw.com

                                          AND

                                          s/   Paul L. McDonald
                                          _____

                                          Paul L. McDonald
                                          P L McDonald Law LLC
                                          1800 JFK Boulevard, Suite 300
                                          Philadelphia, PA 19103
                                          Telephone:   (267) 238-3835
                                          Facsimile:    (267) 238-3801
                                          Email: paul@plmcdonaldlaw.com

                                          *Counsel for Plaintiffs and Proposed Counsel*
                                          *for the Members of*
                                          *the Proposed FLSA Collective,*
                                          *the Proposed Pennsylvania Class,*
                                          *the Proposed New York Class,*
                                          *the Proposed Connecticut Class,*
                                          *the Proposed North Carolina Class,*
                                          *the Proposed Oregon Class,*
                                          *the Proposed Louisiana Class,*
                                          *the Proposed Arizona Class, and*
                                          *the Proposed Indiana Class.*

## ORAL ARGUMENT REQUESTED

Pursuant to Local Rule 7.1(f), Plaintiffs request oral argument on the NCAA's Motion to

Certify Interlocutory Appeal of the Ruling Denying Their Motion to Dismiss.

Dated: October 22, 2021
      New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____

    Michael J. Willemin
    (Admitted *Pro Hac Vice*)
    Renan F. Varghese
    (Admitted *Pro Hac Vice*)
    85 Fifth Avenue
    New York, NY 10003
    Telephone:  (212) 257-6800
    Facsimile:   (212) 257-6845
    mwillemin@wigdorlaw.com
    rvarghese@wigdorlaw.com

AND

s/   Paul L. McDonald
_____

Paul L. McDonald
P L MCDONALD LAW LLC
1800 JFK Boulevard, Suite 300
Philadelphia, PA 19103
Telephone:   (267) 238-3835
Facsimile:    (267) 238-3801
Email: paul@plmcdonaldlaw.com

*Counsel for Plaintiffs and Proposed Counsel*
*for the Members of*
*the Proposed FLSA Collective,*
*the Proposed Pennsylvania Class,*
*the Proposed New York Class,*
*the Proposed Connecticut Class,*
*the Proposed North Carolina Class,*
*the Proposed Oregon Class,*
*the Proposed Louisiana Class,*
*the Proposed Arizona Class, and*
*the Proposed Indiana Class.*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2021, the foregoing document was served upon

counsel by filing via the CM/ECF system, which will send an email notice to registered parties.

Dated: October 22, 2021
      New York, New York

                                        Michael J. Willemin

16