IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH "TREY" JOHNSON, ET AL., individually and on behalf of all persons similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| NATONAL COLLEGIATE ATHLETIC ASSOCIATION, ET AL. | : : | NO. 19-5230 |

### ORDER-MEMORANDUM

**AND NOW**, this 22nd day of December, 2021, upon consideration of the "Corrected Notice of Motion and Motion of the Attended Schools to Certify Interlocutory Appeal of Ruling Denying Their Motion to Dismiss (ECF 55-56)" (Docket No. 69), all documents filed in connection therewith, and the Hearing held on November 4, 2021, **IT IS HEREBY ORDERED** that the Motion is **GRANTED,** and the following issue **IS HEREBY CERTIFIED** for interlocutory appeal:

> Whether NCAA Division I student athletes can be employees of the colleges and universities they attend for purposes of the Fair Labor Standards Act solely by virtue of their participation in interscholastic athletics.

### I.     BACKGROUND

The First Amended Complaint ("Complaint")[1] alleges that student athletes who attend colleges and universities in Division I of the National Collegiate Athletic Association (NCAA) and who engage in Division I interscholastic athletic activity for those colleges and universities

---

[1] Plaintiffs filed a Second Amended Complaint on September 23, 2021 (Docket No. 67), after we issued the Order and Memorandum that are the subject of the instant Motion. The Second Amended Complaint does not alter any of the claims alleged against the ASD in the Complaint. Accordingly, we do not address the Second Amended Complaint in this Order-Memorandum.

1

that is unrelated to academics are student employees similar to students engaged in work study programs and should be paid for the time they spend in NCAA Division I interscholastic athletics as if they were work study students. The Complaint asserts claims for violation of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, 43 Pa. Stat. § 333.101, et seq. (the "PMWA"), the New York Labor Law, N.Y. Lab. Law § 191, et seq. ("NYLL"), and the Connecticut Minimum Wage Act, C.G.S.A. §§ 31-58, et seq. ("CMWA"). (Compl. Counts I-II, IV-V, VII.) The Complaint also asserts claims for unjust enrichment under Pennsylvania, New York, and Connecticut common law against all Defendants. (Id. Counts III, VI, VIII.) The Complaint seeks the approval of an FLSA collective and classes to pursue the Pennsylvania, New York, and Connecticut law claims.

On August 25, 2021, we denied the Attended Schools Defendants' ("ASD") Motion to Dismiss. The ASD moved to dismiss Plaintiffs' FLSA and state statutory law claims[2] as against them on the ground that the Complaint does not allege facts that would establish that Plaintiffs are their employees, which is a requirement for bringing a claim under the FLSA and the relevant state statutes  See Johnson v. The Nat'l Collegiate Athletic Assoc., __ F. Supp. 3d __, Civ. A. No. 19-5230, 2021 WL 3771810, at *5 (E.D. Pa. Aug. 25 2021) (citing Razak v. Uber Techs. Inc., 951 F.3d 137, 143 (3d Cir. 2020), cert. denied, 141 S. Ct. 2629 (2021)). The ASD argued that Plaintiffs could not be their employees for three reasons: (1) student athletes such as Plaintiffs are amateurs; (2) the Department of Labor has determined that interscholastic athletes are not employees for purposes of the FLSA; and (3) the Complaint does not plausibly allege that Plaintiffs are employees pursuant to a multi-factor test used to determine whether individuals are employees.

---

[2] The ASD did not move to dismiss any of Plaintiffs' unjust enrichment claims.

2

We denied the Motion to Dismiss as to all three of these arguments. The ASD now ask us to certify the issue described above for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[3]

## II. LEGAL STANDARD

"Generally, an order denying a dispositive motion is not immediately appealable because it is not a final judgment." Fair Hous. Rts. Ctr. in Se. Pa. v. Morgan Props. Mgmt. Co., LLC, Civ. A. No. 16-4677, 2018 WL 4489653, at *2 (E.D. Pa. Sept. 19, 2018) (citing In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009)). "However, district courts may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b)." Id. (citing In re Chocolate Confectionary, 607 F. Supp. 2d at 704). "To certify a non-final order for interlocutory appeal, '[t]he order must (1) involve a controlling question of law, (2) offer substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, materially advance the ultimate termination of the litigation.'" Id. (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (en banc)); see also 28 U.S.C. § 1292(b); J.B. ex rel. Benjamin v. Fassnacht, 801 F.3d 336, 339 n.8 (3d Cir. 2015) (quoting Knipe v. SmithKline Beecham, 583 F.Supp.2d 553, 598-99 (E.D. Pa. 2008)). "However, '[t]he certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.'" Fair Hous. Rts. Ctr., 2018 WL 4489653, at *2 (quoting Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976)).

---

[3] The ASD phrased this issue as follows in its Motion:
1. Are student-athletes ever *ipso facto*[3] employees of the schools for whom they compete under the Fair Labor Standards Act?
2. If so, under what circumstances are student athletes *ipso facto* considered employees of their schools?

Counsel for the ASD explained, during the November 4, 2021 Hearing, that they used *ipso facto* in this context to mean "[b]y the fact that they play sport." (11/4/21 Hr'g at 5.)

3

"The decision to certify an order for interlocutory review is only appropriate in 'exceptional circumstances and we should be mindful of the strong policy against piecemeal appeals when exercising our discretion.'" Id. (quoting U.S. ex rel. Nevyas v. Allergan, Inc., Civ. A. No. 09-432, 2015 WL 4064629, at *2 (E.D. Pa. July 2, 2015)) "'The Third Circuit has held that certification is to be used in exceptional cases where an immediate appeal would avoid protracted and expensive litigation.'"  Id. (quoting Zygmuntowicz v. Hosp. Invs., Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993)).  "'The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'"  Id. (quoting Premick v. Dick's Sporting Goods, Inc., Civ. A. No. 06-530, 2007 WL 588992, at *1 (W.D. Pa. Feb. 20, 2007)).

**III.   DISCUSSION**

The ASD argue that certification of the two issues they have identified for interlocutory appeal would satisfy these criteria because (1) our August 25, 2021 Order and accompanying Memorandum present a "controlling question of law" that, if reversed by the Third Circuit would result in dismissal of this case; (2) the Order and Memorandum address questions over which there is "substantial ground for difference of opinion," because this Court's Order differs from the decisions of the United States Court of Appeals for the Seventh Circuit in Berger v. National Collegiate Athletic Association, 843 F.3d 285 (7th Cir. 2016) and the Northern District of California in Dawson v. National Collegiate Athletic Association, 250 F. Supp. 3d 401 (N.D. Cal. 2017); and 3) immediate review of the Order and Memorandum will "materially advance the

ultimate termination of the litigation" because, if the Order is reversed, it will end the litigation as to all defendants.[4]  (ASD Mem. (Docket No. 69-1) at 2-3.)

      A.      <u>Controlling Question of Law</u>

"'An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is serious to the conduct of the litigation either practically or legally.'" <u>Fair Hous. Rts. Ctr.</u>, 2018 WL 4489653, at *3 (quoting <u>In re Chocolate Confectionary</u>, 607 F. Supp. 2d at 705).  However, "'[c]ertification to appeal [an] interlocutory [o]rder is inappropriate when the underlying order involve[s] mixed questions of law and fact because Section 1292(b) was not designed to secure appellate review of factual matters.'"  <u>Id.</u> (alterations in original) (quoting <u>In re Fasteners Antitrust Litig.</u>, Civ. A. No. 08-1912, 2012 WL 3194377, at *3 (E.D. Pa. Aug. 6, 2012)).

In order to state cognizable claims for violation of the FLSA, the PMWA, the NYLL, and the CMWA, the Complaint must plausibly allege that Plaintiffs are employees of the colleges and universities they attend.  See <u>Razak</u>, 951 F.3d at 142 (noting that the minimum and overtime wage provisions of the FLSA and the PMWA require the plaintiffs to show that they are "'employees.'" (citing 29 U.S.C. §§ 203, 206-07; <u>Dep't of Labor & Indus. v. Stuber</u>, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003), <u>aff'd</u> 859 A.2d 1253 (Pa. 2004))).  Thus, our Order and Memorandum, which "conclude[d] that the Complaint plausibly alleges that Plaintiffs are employees of the ASD for purposes of the FLSA," <u>Johnson</u>, 2021 WL 3771810, at *15, involves a controlling question of law because an incorrect determination of this issue "would constitute reversible error if presented

---

[4] We note, again, that the ASD did not move to dismiss Plaintiffs' unjust enrichment claims and, accordingly, those claims would not be dismissed if the United States Court of Appeals for the Third Circuit were to accept the interlocutory appeal of this case and reverse our decision denying the ASD's Motion to Dismiss.

on final appeal." Fair Hous. Rts. Ctr., 2018 WL 4489653, at *3. Moreover, our analysis of the ASD's argument in their Motion to Dismiss that Plaintiffs cannot be the employees of the colleges and universities they attend and for which they compete in NCAA Division I athletics simply because they are amateurs did not involve mixed questions of law and fact.[5] Accordingly, we conclude that our August 25, 2021 Order and Memorandum involves a controlling issue of law.

        B.        Substantial Ground for Difference of Opinion

"In the Third Circuit, there is substantial ground for difference of opinion if there is genuine doubt or conflicting precedent as to the correct legal standard." In re: Domestic Drywall Antitrust Litig., MDL No. 2437, 2016 WL 2941114, at *3 (E.D. Pa. May 20, 2016) (quotation and citation omitted). The ASD argue that there is conflicting precedent as to the correct legal standard because two of the four courts that have examined the question of whether NCAA Division I student athletes can be employees of the colleges and universities they attend for purposes of the FLSA solely by virtue of their participation in interscholastic athletics have found, as a matter of law, that they cannot. See Berger, 843 F.3d at 294 (7th Cir. 2016) (affirming district court's dismissal of putative FLSA collective action brought by former student athletes of the University of Pennsylvania against the NCAA and more than 120 Division I colleges and universities because "as a matter of law . . . student athletes are not employees and are not covered by the FLSA"); Dawson, 250 F. Supp. 3d at 408 (granting motion to dismiss putative class action lawsuit against the NCAA and the PAC-12 Conference under the FLSA and California law because "there is

---

[5] As we mentioned above, the ASD also argued in their Motion to Dismiss that Plaintiffs could not be their employees because the Department of Labor has determined that interscholastic athletes are not employees for purposes of the FLSA and because the Complaint does not plausibly allege that Plaintiffs are employees pursuant to a multi-factor test used to determine whether individuals are employees. Our analysis of these arguments in connection with our Order and Memorandum denying the ASD's Motion to Dismiss required thorough consideration of the factual allegations of the Complaint.

simply no legal basis for finding [NCAA Division I college football players] to be 'employees' under the FLSA"); c.f. Livers v. Nat'l Collegiate Athletic Assoc., Civ. A. No. 17-4271, 2018 WL 3609839, at *4 (E.D. Pa. July 26, 2018) (denying motion to dismiss FLSA claim brought against Villanova University and the NCAA by former student athlete who played on the Villanova football team because the amended complaint "plausibly states a willful FLSA violation sufficient to survive at the Motion to Dismiss stage"). We conclude, accordingly, that there is "conflicting precedent as to the correct legal standard" and, thus, that "there is substantial ground for difference of opinion" as to whether NCAA Division I student athletes can be employees of the colleges and universities they attend for purposes of the FLSA solely by virtue of their participation in interscholastic athletics. See Domestic Drywall, 2016 WL 2941114, at *3.

      C.      Material Advancement of this Litigation's Ultimate Termination

"In considering whether an [interlocutory] appeal would materially advance the ultimate termination of litigation, 'courts have focused on whether an appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" Id. at *4 (quoting United States v. Exide Corp., Civ. A. No. 00-3057, 2002 WL 992817, at *2 (E.D. Pa. May 15, 2002)). "It is not required that a reversal of the Court's Order would end the litigation." Id. (citing Katz, 496 F.2d at 755 ). "Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set." Katz v. Live Nation, Inc., Civ. A. No. 09-3740, 2010 WL 3522792, at *3 (D.N.J. Sept. 2, 2010) ) (citing Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1004 (D.N.J. Oct. 4, 1996)).

As we mentioned above, the ASD did not move to dismiss Plaintiffs' state law unjust enrichment claims. Thus, an interlocutory appeal cannot eliminate the need for a trial in this case.

However, if the Third Circuit were to both reverse our decision that the Complaint plausibly states claims under the FLSA and state statutory law and hold, as a matter of law, that NCAA Division I student athletes cannot be employees of the colleges and universities they attend for purposes of the FLSA solely by virtue of their participation in interscholastic athletics, all of Plaintiffs' claims under the FLSA and state statutory law would have to be dismissed, which should simplify both discovery and any eventual trial. Moreover, the parties in this case have not yet commenced discovery. Consequently, we conclude that interlocutory appeal could materially advance this litigation.

IV. **CONCLUSION**

We conclude, for the reasons stated above, that all three of the 28 U.S.C. § 1292(b) factors exist in this case and that the ASD have satisfied their "'burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" Fair Hous. Rights Ctr., 2018 WL 4489653, at *2 (quoting Premick, 2007 WL 588992, at *1). Accordingly, we grant the instant motion.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.