IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH "TREY" JOHNSON, ET AL., individually and on behalf of all persons similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| NATONAL COLLEGIATE ATHLETIC ASSOCIATION, ET AL. | : : | NO. 19-5230 |

## ORDER-MEMORANDUM

**AND NOW**, this 22nd day of December, 2021, upon consideration of the "Motion of the NCAA to Certify Interlocutory Appeal of Ruling Denying Its Motion To Dismiss (ECF 64-65)" (Docket No. 72), all documents filed in connection therewith, and the Hearing held on November 4, 2021, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

**I.    BACKGROUND**

The First Amended Complaint ("Complaint")[1] alleges that student athletes who attend colleges and universities in Division I of the National Collegiate Athletic Association (NCAA) and who engage in Division I interscholastic athletic activity for those colleges and universities that is unrelated to academics are student employees similar to students engaged in work study programs and should be paid for their time in NCAA Division I interscholastic athletics as if they were work study students. The Complaint asserts claims for violation of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, 43 Pa. Stat. § 333.101, et seq. (the "PMWA"), the New York Labor Law, N.Y. Lab. Law § 191, et seq. ("NYLL"), and the

---

[1] Plaintiffs filed a Second Amended Complaint on September 23, 2021 (Docket No. 67), after we issued the Order and Memorandum that are the subject of the instant Motion. The Second Amended Complaint does not alter any of the claims alleged against the NCAA in the Complaint. Accordingly, we do not address the Second Amended Complaint in this Order-Memorandum.

Connecticut Minimum Wage Act, C.G.S.A. §§ 31-58, et seq. ("CMWA").  (Compl. Counts I-II, IV-V, VII.)  The Complaint also asserts claims for unjust enrichment under Pennsylvania, New York, and Connecticut law against all Defendants.  (Id. Counts III, VI, VIII.)  The Complaint seeks the approval of an FLSA collective and classes to pursue the Pennsylvania, New York, and Connecticut law claims.

On September 22, 2021, we denied the NCAA's Motion to Dismiss.[2]  See Johnson v. Nat'l Collegiate Athletic Assoc., Civ. A. No. 19-5230, 2021 WL 4306022 (E.D. Pa. Sept. 22, 2021). The NCAA had moved to dismiss Plaintiffs' FLSA and state statutory law claims[3] as against it on the ground that Plaintiffs lacked standing to sue it because it is not Plaintiff's employer.  In order to state cognizable claims for violation of the FLSA, the PMWA, the NYLL, and the CMWA, the Complaint must plausibly allege that Plaintiffs are employees of the NCAA.  See Moore v. DirectSat USA, LLC, Civ. A. No. 08-3552, 2009 WL 10687488, at *7 (E.D. Pa. Apr. 30, 2009) ("Plaintiffs' claims pursuant to the FLSA are based on sections of those statutes that give employees the right to bring suit against their employers. Thus, it necessarily follows that Plaintiffs may only assert their claims against their employers and only for the terms of their employment with those employers." (citing 29 U.S.C. § 216(b)).  The NCAA argued that Plaintiffs could not be its employees for two reasons: (1) it merely regulates Plaintiffs' participation in intercollegiate athletics; and (2) the Complaint fails to plausibly allege that the it is a joint employer of Plaintiffs under the four-factor test originally developed by the United States Court of Appeals for the Ninth

---

[2] The NCAA filed its Motion to Dismiss jointly with certain colleges and universities that were named as Defendants in the Complaint even though they had not been attended by any of the Plaintiffs (the "Non-Attended Schools Defendants").  We granted the Motion to Dismiss as to the Non-Attended Schools Defendants.  See Johnson v. Nat'l Collegiate Athletic Assoc., Civ. A. No. 19-5230, 2021 WL 4306022 at *11 (E.D. Pa. Sept. 22, 2021.

[3] The NCAA did not move to dismiss any of Plaintiffs' unjust enrichment claims.

Circuit in Bonnette v. California Health and Welfare Agency, 704 F.2d 1465 (9th Cir. 1983), and subsequently adopted in part by the United States Court of Appeals for the Third Circuit in In re Enterprise Rent-A-Car Wage & Hour Emp. Litig., 683 F.3d 462 (3d Cir. 2012). We denied the Motion to Dismiss as to the NCAA with respect to both of these arguments. The NCAA now asks us to certify our Order and Memorandum denying its Motion to Dismiss for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The NCAA asks us to certify the following issue for interlocutory appellate review: "[Whether] the NCAA, by virtue of its bylaws and supervision of college sports, is not [and] cannot be, as a matter of law, a joint employer of college athletes." (11/4/21 Hr'g Tr. at 33.)

## II.    LEGAL STANDARD

"Generally, an order denying a dispositive motion is not immediately appealable because it is not a final judgment." Fair Hous. Rts. Ctr. in Se. Pa. v. Morgan Props. Mgmt. Co., LLC, Civ. A. No. 16-4677, 2018 WL 4489653, at *2 (E.D. Pa. Sept. 19, 2018) (citing In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009)). "However, district courts may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b)." Id. (citing In re Chocolate Confectionary, 607 F. Supp. 2d at 704). "To certify a non-final order for interlocutory appeal, '[t]he order must (1) involve a controlling question of law, (2) offer substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, materially advance the ultimate termination of the litigation.'" Id. (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974)); see also 28 U.S.C. § 1292(b); J.B. ex rel. Benjamin v. Fassnacht, 801 F.3d 336, 339 n.8 (3d Cir. 2015) (quoting Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 598-99 (E.D. Pa. 2008)). "However, '[t]he certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are

present.'" Fair Hous. Rts. Ctr., 2018 WL 4489653, at *3 (quoting Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976)).

"The decision to certify an order for interlocutory review is only appropriate in 'exceptional circumstances and we should be mindful of the strong policy against piecemeal appeals when exercising our discretion.'" Id. (quoting U.S. ex rel. Nevyas v. Allergan, Inc., Civ. A. No. 09-432, 2015 WL 4064629, at *2 (E.D. Pa. July 2, 2015)) "'The Third Circuit has held that certification is to be used in exceptional cases where an immediate appeal would avoid protracted and expensive litigation.'" Id. (quoting Zygmuntowicz v. Hosp. Invs., Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993)). "'The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" Id. (quoting Premick v. Dick's Sporting Goods, Inc., Civ. A. No. 06-530, 2007 WL 588992, at *1 (W.D. Pa. Feb. 20, 2007)).

### III. DISCUSSION

The NCAA argues that this Court's September 22, 2021 Memorandum and Order denying its Motion to Dismiss involves a controlling question of law that should be certified for interlocutory appeal because "this Court's ruling diverges from the ruling of the Seventh Circuit in Berger v. National Collegiate Athletic Ass[ociation], 843 F.3d 285 (7th Cir. 2016), and the Ninth Circuit in Dawson v. Nat[ional] Collegiate Athletic Ass[ociation], 932 F.3d 905, 911 (9th Cir. 2019)." (NCAA Mem. (Docket No. 72) at 7-8.) The plaintiffs in both Berger and Dawson were student athletes who brought FLSA claims against the NCAA on the grounds that the NCAA was their joint employer. The Seventh Circuit affirmed the dismissal of the claims against the NCAA in Berger because the allegations of the complaint showed that the plaintiffs' connection to the NCAA was "far too tenuous to be considered an employment relationship." Berger, 843 F.3d at

289. The Ninth Circuit dismissed the FLSA claims asserted against the NCAA in <u>Dawson</u> because "[w]ithin the analytical framework established by the Supreme Court, the NCAA and PAC-12 are regulatory bodies, not employers of student-athletes under the FLSA." <u>Dawson</u>, 932 F.3d at 911 (citation omitted).

"'An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is serious to the conduct of the litigation either practically or legally.'" <u>Fair Hous. Rts. Ctr.</u>, 2018 WL 4489653, at *3 (quoting <u>In re Chocolate Confectionary</u>, 607 F. Supp. 2d at 705). However, "'[c]ertification to appeal [an] interlocutory [o]rder is inappropriate when the underlying order involve[s] mixed questions of law and fact because Section 1292(b) was not designed to secure appellate review of factual matters.'" <u>Id.</u> (alterations in original) (quoting <u>In re Fasteners Antitrust Litig.</u>, Civ. A. No. 08-1912, 2012 WL 3194377, at *3 (E.D. Pa. Aug. 6, 2012)).

The question of "[whether] the NCAA, by virtue of its bylaws and supervision of college sports, is not [and] cannot be, as a matter of law, a joint employer of college athletes" (11/4/21 Hr'g Tr. at 33) involves a controlling question of law because an incorrect determination of this issue "would constitute reversible error if presented on final appeal." <u>Fair Hous. Rts. Ctr.</u>, 2018 WL 4489653, at *3. However, our analysis of this issue in our Order and Memorandum denying the NCAA's Motion to Dismiss required consideration of the factual allegations of the Complaint regarding both the NCAA's bylaws and the actions taken by the NCAA in connection with its supervision of Division I sports and the student athletes who participate in Division I sports. We conclude, accordingly, that our underlying Order with respect to the issue the NCAA has asked us to certify for interlocutory appeal to the Third Circuit "involve[s] mixed questions of law and fact" and, thus, that certification of this issue for interlocutory appeal would be inappropriate. <u>Id.</u>

(quotation omitted).  Therefore, we further conclude that the NCAA has failed to satisfy "its burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment" and we deny the instant Motion.  Id. (quotation omitted).

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.