UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH "TREY" JOHNSON, STEPHANIE KERKELES, CLAUDIA RUIZ, JACOB WILLEBEEK-LEMAIR, ALEXA COOKE, RHESA FOSTER, ZACHARY HARRIS, MATTHEW SCHMIDT, TAMARA SCHOEN STATMAN, GINA SNYDER, ESTEBAN SUAREZ; and LIAM WALSH, individually and on behalf of all persons similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, and the following NCAA Division I Member Schools as representatives of a Defendant Class of all private and semi-public NCAA Division I Member Schools:<br><br>CORNELL UNIVERSITY, FORDHAM UNIVERSITY, LAFAYETTE COLLEGE, SACRED HEART UNIVERSITY, VILLANOVA UNIVERSITY, UNIVERSITY OF OREGON, TULANE UNIVERSITY, UNIVERSITY OF NOTRE DAME, UNIVERSITY OF ARIZONA, PURDUE UNIVERSITY, DUKE UNIVERSITY, and MARIST UNIVERSITY,<br><br>    Defendants. | Case No. 2:19-cv-5230 (JP)<br><br>**BRIEF IN SUPPORT OF DEFENDANT UNIVERSITY OF ARIZONA'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT, WITH PREJUDICE, PURSUANT TO RULES 12(B)(1) AND 12(B)(6) AND NOTICE OF JOINDER IN BRIEF FILED BY NATIONAL COLLEGIATE ATHLETIC ASSOCIATION** |

# **TABLE OF CONTENTS**

Page

STATEMENT OF FACTS ................................................................................................. 2
LEGAL ARGUMENT ........................................................................................................ 3
   POINT I ........................................................................................................................... 6
   PLAINTIFFS' FLSA CLAIM AGAINST UoA IS BARRED BY THE DOCTRINE OF
   SOVEREIGN IMMUNITY. .............................................................................................. 3
      A.   UoA enjoys sovereign immunity as an "arm of the state." ............................... 3
      B.   UoA is entitled to sovereign immunity under the Third Circuit's *Fitchik* test. .............. 5
          1.   UoA is entitled to immunity because funding for any adverse judgment would come from the State. ........................................................................................ 5
          2.   UoA is entitled to immunity because it is treated as an arm of the state under controlling precedent. ....................................................................................... 6
          3.   UoA is entitled to immunity because it does not have complete autonomy under Arizona law. ...................................................................................................... 7
      C.   None of the limited exceptions to Eleventh Amendment immunity apply ..................... 8
          i.   Congressional abrogation is absent. .......................................................... 9
          ii.   Arizona has not abrogated sovereign immunity for FLSA claims. ...................... 9
          iii.   Plaintiffs do not name an individual state official defendant. .......................... 10
   POINT II ........................................................................................................................ 11
   PLAINTIFFS' AMWA AND UNJUST ENRICHMENT CLAIMS MUST BE DISMISSED. 11
      A.   Plaintiffs Failed to File Notice of Claim. ................................................... 11
      B.   Counts XV and XVI are time barred. ......................................................... 12
POINT III ........................................................................................................................ 12
   AMWA CLAIM MUST BE DISMISSED ................................................................... 12
CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ansel Adams Publ'g Rights Tr. V. PRS Media Partners, Ltd. Liab. Co.*,
  502 F. App'x 659 (9th Cir. 2012) ...................................................................................3, 4, 6

*Anson v. Am. Motors Corp.*,
  747 P.2d 581 (Ariz. Ct. App. 1987) .........................................................................................12

*Ariz. Students' Ass'n v. Ariz. Bd. of Regents*,
  824 F.3d 858 (9th Cir. 2016) ...................................................................................3, 4, 6

*Aych v. Univ. of Ariz.*,
  2024 U.S. Dist. LEXIS 118455 (C.D. Cal. July 5, 2024) .......................................................3, 6

*Bartlett v. Kutztown Univ.*,
  No. 13-4331, 2015 U.S. Dist. LEXIS 21665 (E.D. Pa. Feb. 23, 2015) ....................................7

*Bd. of Regents of Univs. & State Coll. v. City of Tempe*,
  356 P.2d 399 (Ariz. 1960) (The Supreme Court of Arizona recognizes ABOR
  as the "state.") ...............................................................................................................6, 13

*Benn v. First Judicial Dist. of Pa.*,
  426 F.3d 233 (3d Cir. 2005)....................................................................................................1, 5

*Bowers v. NCAA*,
  475 F. 3d 524 (3d Cir. 2007) (University of Iowa is an arm of the state entitled
  to Eleventh Amendment immunity).........................................................................................5, 7

*Coe v. Hirsch*,
  2021 U.S. Dist. LEXIS 230151 (D. Ariz. Dec. 1, 2021) ........................................................13

*Deer Valley Unified Sch. Dist. No. 97 v. Houser*,
  152 P.3d 490 (Ariz. 2007).........................................................................................................11

*Fitchik v. New Jersey Transit Rail Operations, Inc.*,
  873 F.2d 655 (3d Cir. 1989).................................................................................................5, 7, 8

*Gorney v. Ariz. Bd. of Regents*,
  43 F. Supp. 3d 946 (D. Ariz. 2014) ...............................................................................4, 9, 10

*Hedges v. Musco*,
  204 F.3d 109 (3d Cir. 2000).....................................................................................................10

*Kentucky v. Graham*,
  473 U.S. 159 (1985).....................................................................................................................3

*Maliandi v. Montclair State Univ.*,
   845 F.3d 77 (3d Cir. 2016)...........................................................................................5, 7

*Markowitz v. Northeast Land Co.*,
   906 F.2d 100 (3d Cir. 1990)............................................................................................10

*Martineau v. Maricopa County*,
   207 Ariz. 332 (Ariz. Ct. App. 2004) ...............................................................................11

*MCI Telecommunication Corp. v. Bell Atlantic Pennsylvania*,
   271 F.3d 491 (3d Cir. 2001).............................................................................................9

*Nichol v. On Point Solar Power LLC*,
   2022 U.S. Dist. LEXIS 106974 (D. Ariz. June 15, 2022) ..............................................13

*Pennhurst State School & Hospital v. Halderman*,
   465 U.S. 89 (1984)............................................................................................................3

*Polanco v. Omnicell, Inc.*,
   988 F. Supp. 2d 451 (D.N.J. 2013) ................................................................................7, 9

*Ramirez v. Ariz. State Treasurer*,
   2018 U.S. Dist. LEXIS 176461 (D. Ariz. June 20, 2018) ..........................................4, 10

*Redgrave v. Ducey*,
   2018 U.S. Dist. LEXIS 174963 (D. Ariz. Oct. 10, 2018)...........................................4, 10

*Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi*,
   183 P.3d 544 (Ariz. Ct. App. 2008).................................................................................12

*Robinson v. Beyond Food LLC*,
   2023 U.S. Dist. LEXIS 207754 (D. Ariz. Nov. 16, 2023)...............................................13

*Ronwin v. Shapiro*,
   1981 U.S. App. LEXIS 17217 (9th Cir. 1981) .................................................................6

*Ronwin v. Shapiro*,
   657 F.2d 1071 (9th Cir. 1981) ..................................................................................3, 4, 6

*Rutledge v. Ariz. Bd. of Regents*,
   660 F.2d 1345 (9th Cir. 1981) .........................................................................................13

*Falcon ex rel Sandoval v. Maricopa Cty.*,
   144 P.3d 1254 (Ariz. 2006)..............................................................................................11

*Scott v. Pa. Dep't of Pub. Welfare*,
   2003 U.S. Dist. LEXIS 18081 (E.D. Pa. Aug. 28, 2003).................................................9

*Seminole Tribe v. Florida*,
  517 U.S. 44 (1996) ............................................................................................................. 9

*Skehan v. Bd. of Trs. Of Bloomsburg State Coll.*,
  1986 U.S. Dist. LEXIS 22650 (E.D. Pa July 17, 1986) (en banc) (*Skehan I*),
  cert. denied, 429 U.S. 979 (1976) ..................................................................................... 5

*Skehan v. State Sys. Of Higher Educ.*,
  815 F. 2d 244 (3d Cir. 1987) .......................................................................................... 5, 7

*Sossamon v. Texas*,
  563 U.S. 277 (2011) ......................................................................................................... 10

*State v. Miser*,
  72 P.2d 408 (Ariz. 1937) .................................................................................................. 13

*Toys 'R' Us, Inc. v. Step Two, S.A.*,
  318 F.3d 446 (3d Cir. 2003) .............................................................................................. 2

*Wanmei Ni v. Univ. of Ariz.*,
  2016 U.S. Dist. LEXIS 189566 (D. Ariz. Mar. 14, 2016) ............................................. 4, 6

*Zamora v. Ariz. Bd. of Regents*,
  2023 U.S. Dist. LEXIS 118300 (D. Ariz. July 7, 2023) .................................................. 13

**Statutes**

A.R.S. § 12-821 ....................................................................................................................... 12

A.R.S. § 12-821.01(A) ............................................................................................................ 11

A.R.S. § 15-162 ......................................................................................................................... 8

A.R.S. § 15-1623 ....................................................................................................................... 8

A.R.S. § 15-1626(A)(5) and (21) .............................................................................................. 8

A.R.S. § 15-1626(K) ................................................................................................................. 8

A.R.S. § 15-1629 ....................................................................................................................... 8

A.R.S. § 15-1650 ....................................................................................................................... 8

A.R.S. § 35-115 ......................................................................................................................... 8

A.R.S. § 38-211 ......................................................................................................................... 8

A.R.S. § 41-622 ......................................................................................................................... 6

28 U.S.C. § 1367 .................................................................................................................10

ADA ....................................................................................................................................13

AMWA ........................................................................................................................ passim

Ariz. Rev. Stat. Ann. § 23-363 ............................................................................................13

Ariz. Rev. Stat. Ann. § 41-621 A.3 (1980) ...........................................................................6

Ariz. Rev. Stat. § 23-362(B) ...............................................................................................13

Arizona Minimum Wage Act ................................................................................................1

Arizona Revised Statutes, §§15-1621 through 15-1650.06 Chapter 13, Article 2 ..............8

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ............................................................1

FLSA ........................................................................................................................... passim

**Other Authorities**

Ariz. Const. art. 11, §§ 1, 2, and 5 .......................................................................................8

Ariz. R. Civ. P. 4.1(h)(4) .....................................................................................................11

Rule 12(b)(1) ....................................................................................................................3, 10

United States Constitution ....................................................................................................9

United States Constitution Eleventh Amendment ..................................................... passim

This is Plaintiffs' third attempt to state a viable wage claim against the National Collegiate Athletic Association ("NCAA") and a random selection of Division I member schools that they claim were the employers of student athletes. Plaintiffs' efforts are in vain, again.

Plaintiffs filed an Eighteen-Count Third Amended Complaint ("TAC") against Defendant University of Arizona ("UoA" or "Arizona-based Defendant") and multiple other NCAA Division I member schools alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") (Count I), Arizona Minimum Wage Act ("AMWA") (Count XV), and Unjust Enrichment (Count XVI) as to UoA specifically. The claims pursued against UoA are raised by Plaintiffs Tamara Schoen ("Plaintiff Schoen") and Gina Snyder ("Plaintiff Snyder"), who attended UoA and played on the softball team between 2015 and June 2019. UoA joins in the brief submitted by the NCAA and writes separately to raise additional defenses available to it.

Plaintiffs' claims against UoA fail for three reasons. *First*, UoA is protected by Eleventh Amendment sovereign immunity from private claims brought against it for alleged violations of the FLSA. Because Congress has not abrogated this immunity, Arizona has not waived this immunity, and Plaintiffs do not seek to enjoin the actions of an individual state official, Count I fails as a matter of law as to UoA.

*Second*, Plaintiffs' AMWA and Unjust Enrichment claims are barred because Plaintiffs failed to file or serve the statutorily required notice of claim against UoA and the claim was filed outside the statutory limitations period. For these reasons, Counts XV and XVI of the TAC should be dismissed as a matter of law.

*Third*, Plaintiffs have failed to sufficiently plead an AMWA claim because UoA is not a statutory "employer" and, for that reason, is not liable under the AMWA.

The TAC should be dismissed with prejudice and without leave to amend because any

1

proposed amendment would be futile. Accordingly, Counts I, XV, and XVI of the TAC must be dismissed, with prejudice, as to UoA.

## STATEMENT OF FACTS[1]

Plaintiff Schoen is a former University of Arizona softball player who played for UoA's team between 2015 and 2019. (*See* TAC at ¶ 31). Plaintiff Snyder also played for UoA's softball team between 2017 and 2019. (*Id.* at ¶ 32). UoA is a Division I member of the NCAA. It is located in Tucson, Arizona. (*Id.* at ¶ 35).

Plaintiffs allege, during their time as student-athletes at UoA, UoA received and benefitted from their uncompensated labors. Plaintiffs allege their collegiate educational and athletic experiences constitute employment by UoA for which they were not paid. As alleged employees of UoA and not just students, Plaintiffs assert they are entitled to the full amount of the alleged unpaid minimum wages, plus an additional equal amount as liquidated damages, attorneys' fees and costs, and other relief.

Plaintiffs also attempt to define a class as to other UoA student-athletes for purposes of their AMWA and Unjust Enrichment claims. (*Id.* at ¶ 529). Plaintiffs also attempt to loosely join a group of separate educational institutions as Defendants, together with the NCAA, apparently because they share a single thing: the educational institutions are members of the NCAA. Plaintiffs make no meaningful effort to connect UoA to the other NCAA member schools named as Defendants in this matter. Indeed, Plaintiffs do not allege that Defendants have any connection to one another or that they together are joint employers. Plaintiffs' inclusion of so many named Defendants—despite their non-affiliation—is an obvious attempt to soapbox on this alleged

---

[1] The following facts are taken directly from Plaintiffs' Third Amended Complaint and shall be considered true for purposes of this motion only. *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003). UoA reserves the right to contest the truth of each and every allegation (factual or otherwise) contained in the Third Amended Complaint should this motion be denied.

dispute.

## LEGAL ARGUMENT
### POINT I
### PLAINTIFFS' FLSA CLAIM AGAINST UoA IS BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY.

Count I of Plaintiffs' TAC asserts an FLSA claim against UoA for allegedly not compensating Plaintiffs the legally required minimum wage for all hours "worked" during their time as student-athletes. (TAC, ¶ 330). Count I must be dismissed under Rule 12(b)(1) for lack of jurisdiction because UoA is protected by Eleventh Amendment immunity from suits in federal court.

**A. UoA enjoys sovereign immunity as an "arm of the state."**

The Eleventh Amendment to the United States Constitution precludes suits against a state, an arm of the state, its instrumentalities, and its agencies in federal court, regardless of the type of relief sought. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

It is well settled that public universities like UoA and the Arizona Board of Regents ("ABOR"), which is the governing body for Arizona's public universities (and is the legal entity sued here, *see* TAC, first footnote), are arms of the state. Therefore, UoA and ABOR are entitled to the same Eleventh Amendment immunity the State of Arizona enjoys. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016) ("We have previously held that ABOR is an arm of the State of Arizona for Eleventh Amendment purposes."); *Ansel Adams Publ'g Rights Tr. V. PRS Media Partners, Ltd. Liab. Co.*, 502 F. App'x 659, 660-61 (9th Cir. 2012) ("The Ninth Circuit already determined that [ABOR] is entitled to immunity as a matter of law . . . ."); *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981) ("[W]e conclude that [ABOR] is protected by the [E]leventh [A]mendment."); *Aych v. Univ. of Ariz.*, 2024 U.S. Dist. LEXIS 118455, at *9 (C.D.

Cal. July 5, 2024); *Wanmei Ni v. Univ. of Ariz.*, 2016 U.S. Dist. LEXIS 189566, at *4 (D. Ariz. Mar. 14, 2016) ("Therefore, to the extent that Eleventh Amendment sovereign immunity applies to the State of Arizona, it would apply equally to the University of Arizona and the Arizona Board of Regents.").

As relevant here, courts in the Ninth Circuit have found that Eleventh Amendment immunity applies to claims for alleged wage violations under federal law – the very claims at issue here. *Ramirez v. Ariz. State Treasurer*, 2018 U.S. Dist. LEXIS 176461, at *2-3 (D. Ariz. June 20, 2018). In fact, courts have found that the state of Arizona and ABOR specifically are entitled to sovereign immunity for FLSA claims. *See, e.g., Gorney v. Ariz. Bd. of Regents*, 43 F. Supp. 3d 946, 951-52 (D. Ariz. 2014) (finding that ABOR was entitled to sovereign immunity on the plaintiff's FLSA claim); *Redgrave v. Ducey,* 2018 U.S. Dist. LEXIS 174963, at *6 (D. Ariz. Oct. 10, 2018)(finding that Arizona was entitled to broad sovereign immunity against FLSA claims).

In sum, pursuant to well-settled precedent, the Eleventh Amendment bars suits that seek relief against a state, an "arm of the state," its instrumentalities, or its agencies. *Ansel Adams Publ'g Rts. Tr. v. PRS Media Partners, LLC*, 502 F. App'x 659, 660 (9th Cir. 2012). Courts in the Ninth Circuit have repeatedly held that UoA and its governing body, ABOR, are an arm of the state for Eleventh Amendment purposes. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864-65 (9th Cir. 2016); *Ansel Adams*, 502 F. App'x at 661 ("The Ninth Circuit already determined that [ABOR] is entitled to immunity as a matter of law . . . ."); *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981)("[W]e conclude that [ABOR] is protected by the [E]leventh [A]mendment.").

**B. UoA is entitled to sovereign immunity under the Third Circuit's *Fitchik* test.**

Like the Ninth Circuit, Third Circuit precedent confirms that institutions of higher education are entitled to immunity under the Eleventh Amendment because institutions of higher education are, indeed, an arm of the state. *See, e.g., Skehan v. Bd. of Trs. Of Bloomsburg State Coll.*, 1986 U.S. Dist. LEXIS 22650, at *13 (E.D. Pa July 17, 1986) (en banc) (*Skehan I*), cert. denied, 429 U.S. 979 (1976) (Bloomsburg College is an arm of the state); *Skehan v. State Sys. Of Higher Educ.*, 815 F. 2d 244, 249 (3d Cir. 1987) (Eleventh Amendment also shields PA's state system of higher education); *Bowers v. NCAA*, 475 F. 3d 524, 528 (3d Cir. 2007) (University of Iowa is an arm of the state entitled to Eleventh Amendment immunity).

In determining whether an institution of higher education is an arm of the state for Eleventh Amendment purposes, the Third Circuit employs a fact-intensive, three-step balancing test known as the *Fitchik* factors. *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 84-85 (3d Cir. 2016). Under this analysis, courts weigh (1) the funding factor: whether the state treasury is legally responsible for an adverse judgment entered against the alleged arm of the State; (2) the status under state law factor: whether the entity is treated as an arm of the State under state case law and statutes; and (3) the autonomy factor: whether, based largely on the structure of its internal governance, the entity retains significant autonomy from state control. *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989). All three *Fitchik* factors are weighed equally and "case law from [ ] Sister Circuits is [ ] illuminating" to the Court's analysis. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005); *see also Maliandi*, 845 F.3d at 84.

**1. UoA is entitled to immunity because funding for any adverse judgment would come from the State.**

The funding factor hinges on "[w]hether the money that would pay [a] judgment [against the entity] would come from the state." *Fitchik*, 873 F.2d at 659. Arizona has enacted a

comprehensive scheme of risk management that includes provisions for payment of judgments obtained against the state and its departments, agencies, boards, and commissions. Ariz. Rev. Stat. Ann. § 41-621 A.3 (1980). This issue was specifically addressed in *Ronwin v. Shapiro*, where the Ninth Circuit found "the state would have to pay any judgment against the board of regents." *Ronwin v. Shapiro*, 1981 U.S. App. LEXIS 17217 (9th Cir. 1981). Judgments are satisfied through Arizona's permanent liability loss revolving fund as provided in A.R.S. §41-622. Accordingly, this factor tips in favor of immunity.

### 2. UoA is entitled to immunity because it is treated as an arm of the state under controlling precedent.

The Third Circuit's analysis takes into consideration precedent from other jurisdictions. As discussed herein, it is well settled in Arizona that public universities like UoA and its governing body, ABOR, are arms of the state. Accordingly, UoA and ABOR are entitled to the same Eleventh Amendment immunity the State of Arizona enjoys. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016) ("We have previously held that ABOR is an arm of the State of Arizona for Eleventh Amendment purposes."); *Ansel Adams Publ'g Rights Tr. V. PRS Media Partners, Ltd. Liab. Co*., 502 F. App'x 659, 660-61 (9th Cir. 2012) ("The Ninth Circuit already determined that [ABOR] is entitled to immunity as a matter of law . . . ."); *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981)("[W]e conclude that [ABOR] is protected by the [E]leventh [A]mendment."); *Aych v. Univ. of Ariz.*, 2024 U.S. Dist. LEXIS 118455, at *9 (C.D. Cal. July 5, 2024); *Wanmei Ni v. Univ. of Ariz*., 2016 U.S. Dist. LEXIS 189566, at *4 (D. Ariz. Mar. 14, 2016) ("Therefore, to the extent that Eleventh Amendment sovereign immunity applies to the State of Arizona, it would apply equally to the University of Arizona and the Arizona Board of Regents."); *Bd. of Regents of Univs. & State Coll. v. City of Tempe*, 356 P.2d 399 (Ariz. 1960) (The Supreme Court of Arizona recognizes ABOR as the "state.").

Arizona's consistent application of Eleventh Amendment immunity to ABOR tips the *Fitchik* factors heavily in favor of granting immunity in the present matter. In fact, where, as here, an institution of higher education was consistently treated as an arm of the state, courts in the Third Circuit have not even looked to the other *Fitchik* factors, finding that Eleventh Amendment immunity applies without further consideration. *Polanco v. Omnicell, Inc.,* 988 F. Supp. 2d 451, 461 n.9 (D.N.J. 2013) (holding the Board of Regents of the University of Michigan is an arm of the State of Michigan and as such it is entitled to Eleventh Amendment immunity from suit in federal court.); *Bartlett v. Kutztown Univ.*, No. 13-4331, 2015 U.S. Dist. LEXIS 21665, at *11-13 (E.D. Pa. Feb. 23, 2015) ("The Third Circuit and district courts within the Circuit have consistently held that PASSHE and its member universities are entitled to sovereign immunity under the Eleventh Amendment."); *Skehan v. State Sys. of Higher Educ.*, 815 F.2d 244, 249 (3d Cir. 1987) ("The state university system, PASSHE, is one of these instrumentalities entitled to state sovereign immunity.").

### 3. UoA is entitled to immunity because it does not have complete autonomy under Arizona law.

The final *Fitchik* factor focuses on the entity's governing structure and the oversight and control exerted by a state's governor and legislature – the more oversight and control that are exerted means it is more likely that the entity is entitled to immunity. *Fitchik*, 873 F.2d at 663-64. This case is comparable to *Bowers*, in which the Third Circuit granted sovereign immunity to the University of Iowa. Here, like there, ABOR is "tightly constrained by state authority." *Bowers*, 475 F.3d at 548-49.

ABOR, a non-autonomous entity, is the governing board for the state's public universities consisting of twelve members, including the governor and superintendent of public instruction who serve as ex-officio members. *See Maliandi*, 845 F.3d at 77 (focusing on the Governor's

7

oversight of the relevant university). For example, *every* board member is appointed by the governor and confirmed by the Senate for eight-year terms pursuant to A.R.S. § 38-211. If the Senate rejects the governor's nomination, the nominee shall not be appointed, and the governor shall promptly nominate another person who meets the requirements of ABOR. *Id*.

ABOR is also constrained by the State with respect to budget and other matters of internal governance. For example, it is required to comply with the State's budget appropriations and all state laws and regulations and to submit to a strict reporting schedule to the governor outlined in detail in Chapter 13, Article 2 of Arizona Revised Statutes, §§15-1621 through 15-1650.06. It must regularly submit reports related to enrollment, retention, and graduation rates, the amount of tuition and fees included in the operating budget for each university under ABOR's purview, university debt and obligations, financial aid, and other matters relevant to the management of the institution. A.R.S. § 15-1626(A)(5) and (21); A.R.S. § 15-1626(K); A.R.S. § 15-1629; A.R.S. § 15-1650. ABOR is also required to submit a budget request for each institution under its jurisdiction. A.R.S. §35-115. ABOR's significant reporting requirements and rules for internal governance support just how constrained ABOR is by Arizona law. In fact, ABOR is prohibited from recognizing or bargaining with a union and each Board member's compensation is set by the Arizona legislature. Ariz. Const. art. 11, §§ 1, 2, and 5; *see also* A.R.S. § 15-1623 and A.R.S. § 15-162.

This third and final *Fitchik* factor points strongly in favor of extending immunity to UoA and ABOR.

### C. None of the limited exceptions to Eleventh Amendment immunity apply.

"Eleventh Amendment immunity is subject to three exceptions: 1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to

8

end an ongoing violation of federal law." *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 461 (D.N.J. 2013) (citing *MCI Telecommunication Corp. v. Bell Atlantic Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001)). None of these exceptions are present in this action.

### i. Congressional abrogation is absent.

The abrogation doctrine of the United States Constitution expounds when and how Congress may waive a state's sovereign immunity and subject it to lawsuits to which the state has not explicitly consented. To determine whether Congress has abrogated the states' sovereign immunity requires asking two questions: first, whether Congress has unequivocally expressed its intent to abrogate immunity, and, if it did, then asking whether Congress has acted pursuant to a valid exercise of power. *Seminole Tribe v. Florida*, 517 U.S. 44, 47 (1996); *Scott v. Pa. Dep't of Pub. Welfare*, 2003 U.S. Dist. LEXIS 18081, at *1 (E.D. Pa. Aug. 28, 2003) (This immunity, however, may be abrogated by Congress only if it has unequivocally expressed its intent to do so and acted pursuant to a valid exercise of power.). District courts in the Ninth Circuit have already concluded that Congress did not abrogate private suits under the FLSA against the State of Arizona or other entities considered "arms of the state." *See, e.g., Gorney*, 43 F. Supp. 3d at 951-52 (Congress has not validly abrogated the State's sovereign immunity on FLSA claims). As such, because there is no Congressional activity to consider, an analysis of the second factor, whether Congress's action was valid is moot. Accordingly, Plaintiffs cannot assert this exception to UoA's sovereign immunity to FLSA claims.

### ii. Arizona has not abrogated sovereign immunity for FLSA claims.

The state of Arizona has not waived its immunity to suit either. The "test for determining whether a state has waived its immunity from federal-court jurisdiction is a stringent one": "[a] State's consent to suit must be unequivocally expressed in the text of the relevant statute."

*Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (citations omitted).

There can be no dispute that the Arizona Legislature has not passed any law *explicitly* consenting to private claims under the FLSA. Stated differently, the Arizona legislature has not provided any statutory waiver of immunity. *Ramirez v. Ariz. State Treasurer*, 2018 U.S. Dist. LEXIS 176461, at *2-3 (D. Ariz. June 20, 2018). Courts have routinely acknowledged this point. For example, in *Redgrave*, 2018 U.S. Dist. LEXIS 174963, at *5-6, the court concluded that the plaintiff could not identify any statute or judicial decision that waived Arizona's sovereign immunity for FLSA claims. "To the contrary, state defendants have successfully asserted sovereign immunity against FLSA claims before this Court." *Id.* (citing *Gorney v. Ariz. Bd. Of Regents*, 43 F. Supp. 3d 946, 951-52 (D. Ariz. 2014)). "The Court therefore finds that Arizona has not abrogated its sovereign immunity against FLSA claims." *Id.*

Plaintiffs do not and cannot allege there was any voluntary relinquishment of UoA or ABOR's sovereign immunity by Arizona. As such, UoA and ABOR have not waived Eleventh Amendment immunity for the FLSA claim.

### iii. **Plaintiffs do not name an individual state official defendant.**

Finally, Plaintiffs are not seeking to enjoin a state official from engaging in alleged improper future conduct—indeed, no individual state officials are named in the TAC— effectively eliminating this final exception as an option.

Accordingly, Plaintiffs' claim under the FLSA in Count I of the TAC against UoA must be dismissed under Rule 12(b)(1) for lack of jurisdiction. Once the FLSA claims are dismissed, this Court must decline to exercise supplemental jurisdiction over the remaining Arizona state law claims against UoA and dismiss those claims. *See* 28 U.S.C. § 1367; *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## POINT II
## PLAINTIFFS' AMWA AND UNJUST ENRICHMENT CLAIMS MUST BE DISMISSED.

Count XV of Plaintiffs' TAC alleges Plaintiffs Schoen and Snyder were the victims of violations of the AMWA for failure to pay the prevailing minimum wage. (TAC ¶ 541). Next, in Count XVI, Plaintiffs allege UoA received and benefitted from their uncompensated labors rising to the level of Unjust Enrichment. (TAC ¶ 698). Both claims are barred as a matter of law for two independent reasons: Plaintiffs failed to file a notice of claim and their claims are time barred. Either reason is a basis to dismiss both state law claims.

### A. Plaintiffs Failed to File Notice of Claim.

Arizona imposes specific limits as to when and how a person can pursue a claim against UoA. Under A.R.S. § 12-821.01(A), any "persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." Notices of claim against the State must be filed with the Arizona Board of Regents. Ariz. R. Civ. P. 4.1(h)(4). If a plaintiff fails to file a notice of claim, this failing is an insurmountable bar to pursuing a claim. A.R.S. § 12-821.01.A; *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 492 (Ariz. 2007) ("Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon."); *Falcon ex rel Sandoval v. Maricopa Cty.*, 144 P.3d 1254, 1256 (Ariz. 2006)(quoting *Martineau v. Maricopa County,* 207 Ariz. 332, 335-36, (Ariz. Ct. App. 2004)) ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A).").

Plaintiffs do not, because they cannot, allege that they filed a notice of claim, much less that they did so within 180 days after the cause of action accrued. Accordingly, for this reason

11

alone, both Counts XV and XVI for AMWA violations and Unjust Enrichment respectively must be dismissed with prejudice.

### B. Counts XV and XVI are time barred.

Next, even if Plaintiffs did properly serve the required notice of claim, which they did not, a one-year limitations period applies to claims pursued against public entities. *See Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi*, 183 P.3d 544, 550 (Ariz. Ct. App. 2008). "All actions [arising under state law] against any public entity or public employee shall be brought within **one year** after the cause of action accrues and not afterward." A.R.S. § 12-821 (emphasis added). A cause of action accrues when the plaintiff "discovers or by the exercise of reasonable diligence should have discovered that he or she has been injured by the defendant's negligent conduct." *Anson v. Am. Motors Corp.*, 747 P.2d 581, 584 (Ariz. Ct. App. 1987).

Plaintiffs allege they performed work for which they were not compensated between 2015 and 2019. TAC, ¶¶ 31, 32. But Plaintiffs did not initiate this action until November 2021, almost two and a half years after their graduation and final game. Consequently, the statutory one-year window has closed, and Plaintiffs' claims for AMWA and unjust enrichment are time barred.

Plaintiffs cannot cure either of these fatal errors – failing to file a notice of claim or filing outside the one-year limitations period. Accordingly, Count XV and XVI should be dismissed and they should be dismissed with prejudice.

## POINT III
## AMWA CLAIM MUST BE DISMISSED

Even if Plaintiffs had filed the requisite notice or their claim was timely (and neither is true), Plaintiffs' AMWA claim fails for another reason: UoA and ABOR are not "employers" under the statute.

To state a claim under the AMWA, a plaintiff must allege that the defendant is an

"employer" under the statute, the plaintiff must be a qualified employee, and "the plaintiff must allege that she was not paid the applicable minimum wage for hours worked." *Coe v. Hirsch*, 2021 U.S. Dist. LEXIS 230151, at *2 (D. Ariz. Dec. 1, 2021) (citing Ariz. Rev. Stat. Ann. § 23-363. *See also Nichol v. On Point Solar Power LLC*, 2022 U.S. Dist. LEXIS 106974, at *3 (D. Ariz. June 15, 2022)).

The AMWA broadly defines an "employer" but specifically exempts from this definition "the state of Arizona, the United States, or a small business." Ariz. Rev. Stat. § 23-362(B).

> Employer includes any corporation, proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee, **but does not include the state of Arizona**, the United States, or a small business.

Ariz. Rev. Stat. § 23-362(B) (emphasis added).

The Arizona Supreme Court has confirmed that ABOR is considered the state of Arizona. *Bd. of Regents of Univs. & State Coll. v. City of Tempe*, 356 P.2d 399 (Ariz. 1960) ("We think it perfectly clear . . . that the Board of Regents may, for all purposes, be classified as a public agency of the State rather than a private corporation."); *see also State v. Miser*, 72 P.2d 408, 413 (Ariz. 1937)(the University comes within the term, "state," as used in the Minimum Wage Law.); *Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1349 (9th Cir. 1981) (ABOR is "treated as the State of Arizona under Arizona Law."); *see also Zamora v. Ariz. Bd. of Regents*, 2023 U.S. Dist. LEXIS 118300, at *8 (D. Ariz. July 7, 2023)(dismissing with prejudice the plaintiff's ADA and ADAAA claims against ABOR).

Accordingly, UoA and ABOR is not an employer as defined by the AMWA and, thus, cannot be liable under the statute. The claims against UoA and ABOR should be dismissed. *See, e.g., Robinson v. Beyond Food LLC*, 2023 U.S. Dist. LEXIS 207754, at *8 (D. Ariz. Nov. 16,

13

2023).

## **CONCLUSION**

For the reasons set forth herein, Counts I, XV, and XVI, must be dismissed, with prejudice, as to UoA, as a matter of law pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Rules of Civil Procedure.

Date: March 24, 2025					Respectfully submitted,

							**JACKSON LEWIS P.C.**

							*/s/ Marla N. Presley*
							Marla N. Presley
							PA ID No. 91020
							Marla.Presley@jacksonlewis.com
							Katelyn M. O'Connor
							PA ID No. 308922
							Katie.O'Connor@jacksonlewis.com
							1001 Liberty Avenue, Suite 1000
							Pittsburgh, PA 15222
							(412) 338-5148
							(412) 232-3441 Facsimile

							*Counsel for Defendant,*
							*University of Arizona*