UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH "TREY" JOHNSON, STEPHANIE KERKELES, NICHOLAS LABELLA, CLAUDIA RUIZ, JACOB WILLEBEEK-LEMAIR, ALEXA COOKE, RHESA FOSTER, ZACHARY HARRIS, MATTHEW SCHMIDT, TAMARA SCHOEN STATMAN, GINA SNYDER, ESTEBAN SUAREZ and LIAM WALSH, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, and the following NCAA Division I Member Schools as representatives of a Defendant Class of all private and semi-public NCAA Division I Member Schools:<br><br>CORNELL UNIVERSITY, FORDHAM UNIVERSITY, LAFAYETTE COLLEGE, SACRED HEART UNIVERSITY, VILLANOVA UNIVERSITY, UNIVERSITY OF OREGON, TULANE UNIVERSITY, UNIVERSITY OF NOTRE DAME, UNIVERSITY OF ARIZONA, PURDUE UNIVERSITY, DUKE UNIVERSITY, and MARIST UNIVERSITY[1],<br><br>Defendants. | Case No. 2:19-cv-5230 (JP)<br><br><br><br>**DEFENDANT MARIST UNIVERSITY'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND MOTION TO JOIN** |

Defendant Marist University hereby moves to dismiss all claims asserted against it in the Third Amended Complaint (Dkt. 134), in their entirety, pursuant to Fed. R. Civ. P. 12(b)(2) and

---

[1] Effective January 29, 2025, the Board of Regents for and on behalf of the Education Department of the State of New York voted to amend the corporate name of Marist College to Marist University.

1

12(b)(6) (the "Motion").  As set forth more fully in the accompanying memorandum of law in support of the Motion, this Court does not have personal jurisdiction over the claims asserted against Marist in this litigation by Plaintiff Liam Walsh – the *only* plaintiff who asserts any connection whatsoever to Marist.  Further, even if this Court did have jurisdiction over Walsh's claims, his only federal claim against Marist, which he brings under the Fair Labor Standards Act, 29 U.S.C. § 201*, et seq.*, (Count I) is time-barred and, even if it were not, does not plausibly state a claim for recovery.  Walsh's remaining claims against Marist (Counts IV, V and VI) are all state law claims over which the Court should decline to exercise supplemental jurisdiction, both because his sole federal law claim fails to state a legally cognizable claim, and because the New York state law claims themselves fail to state a claim for recovery under any provision of New York law.

In the event any claim against Marist survives the Motion, Marist respectfully moves for permission to join Defendant National Collegiate Athletic Association's Motion to Dismiss the Third Amended Complaint (Dkt. 203, the "NCAA's Motion"), to the extent the arguments set forth therein apply to claims also asserted against Marist (Counts I, IV, V, VI).[2]  Because Plaintiffs allege that Marist acted jointly with the NCAA with respect to Counts I, IV, V and VI, the arguments set forth in the NCAA's Motion as to each of those counts apply equally to Marist, and Marist seeks the identical relief sought by the NCAA on any count that survives the Motion.  By opting to seek permission to join the NCAA's Motion rather than brief the identical arguments, Marist streamlined and limited the Motion to arguments that apply uniquely to Marist and the claims of Plaintiff Walsh, thereby serving the interests of judicial economy.  Plaintiffs will not be

---

[2] "Permission to join the motion of a co-party is typically granted when the arguments proffered by the party initiating the motion apply equally to the joining party and granting the motion to join will not prejudice the plaintiff.  Permitting parties to join the pleadings of others serves the interests of judicial economy, reducing the need for parties who seek the same relief from filing separate pleadings, requiring separate briefing from the parties, and separate dispositions from the court." Bush v. Bass Energy Servs., Civ. No. 4:21-CV-01555, 2023 WL 6542761, *2 (E.D. Pa. Oct. 6, 2023).

prejudiced by permitting Marist to join the NCAA's Motion, as applicable; rather, they too will benefit by not having to respond to identical arguments made by multiple defendants.

Accordingly, Marist seeks dismissal of all claims asserted against it in the Third Amended Complaint, with prejudice. If the Court denies the Motion in any respect, Marist respectfully moves the Court for permission to join the arguments set forth in the NCAA's Motion and requests that the Court's rulings on any surviving claim of Counts I, IV, V and/or VI apply with equal force to Marist.

### Request for Oral Argument

Pursuant to E.D. Pa. Local Rule 7.1(f), Marist respectfully requests oral argument on this motion.

DATED: March 24, 2025                      Respectfully submitted,

                                               */s/ Jacob Oslick*
Jacob Oslick (Pa Bar No. 311028)
joslick@seyfarth.com
SEYFARTH SHAW
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

Alison H. Silveira (admitted pro hac vice)
asilveira@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Fax: (617) 946-4801

Lilah Wylde (admitted pro hac vice)
lwylde@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street
Suite 3100
San Francisco, CA 94105-2930
Telephone: (415) 397-2823
Fax: (415) 397-8549