# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH "TREY" JOHNSON, <br> STEPHANIE KERKELES, <br> NICHOLAS LABELLA, <br> CLAUDIA RUIZ, <br> JACOB WILLEBEEK-LEMAIR, <br> ALEXA COOKE, <br> RHESA FOSTER, <br> ZACHARY HARRIS, <br> MATTHEW SCHMIDT, <br> TAMARA SCHOEN STATMAN, <br> GINA SNYDER, <br> ESTEBAN SUAREZ and <br> LIAM WALSH, <br> individually and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, and the following NCAA Division I Member Schools as representatives of a Defendant Class of all private and semi-public NCAA Division I Member Schools: <br><br> CORNELL UNIVERSITY, <br> FORDHAM UNIVERSITY, <br> LAFAYETTE COLLEGE, <br> SACRED HEART UNIVERSITY, <br> VILLANOVA UNIVERSITY, <br> UNIVERSITY OF OREGON, <br> TULANE UNIVERSITY, <br> UNIVERSITY OF NOTRE DAME, <br> UNIVERSITY OF ARIZONA, <br> PURDUE UNIVERSITY, <br> DUKE UNIVERSITY, and <br> MARIST UNIVERSITY, <br><br> Defendants. | Case No. 2:19-cv-5230 (JP) <br><br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FORDHAM UNIVERSITY'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................................1

ARGUMENT......................................................................................................................................1

    I.     Plaintiffs' Silence Concedes That The TAC Is An Impermissible Group Pleading................................................................................................................... 1

    II.    Plaintiffs Cannot Amend Their Pleading Through Briefing To Cure A Fundamental Defect As To Their Joint Employer Theory.. ................................. 4

    III.   Plaintiffs Cannot State A NYLL Claim As A Matter Of Law............................... 5

    IV.   Plaintiffs Did Not Plausibly Plead Unjust Enrichment.......................................... 6

          A.    Plaintiffs' Unjust Enrichment Claim Is Precluded By Their Federal and State Statutory Claims............................................................................ 6

          B.    New York Law Bars Unjust Enrichment Where There Is A Valid Contract............................................................................................................ 9

    V.    Plaintiffs Have Not Plausibly Pled Article III Injury........................................... 10

CONCLUSION.................................................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bedolla v. Brandolini*,
  No. CV 18-146, 2018 WL 2291117 (E.D. Pa. May 18, 2018) ...................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................6

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ....................................................................................................9

*Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*,
  70 N.Y.2d 382 (1987) .............................................................................................................10

*Davis v. Abington Mem'l Hosp.*,
  817 F. Supp. 2d 556 (E.D. Pa. 2011) ........................................................................................3

*DiFlavis v. Choice Hotels Int'l, Inc.*,
  No. CV 18-3914, 2019 WL 1505860 (E.D. Pa. Apr. 5, 2019) ..................................................3

*Estate of Millner v. Bayada Nurses, Inc.*,
  Civ. No. 05–3164, 2006 WL 231993 (D.N.J. Jan. 30, 2006) ....................................................2

*Farnham v. Windle*,
  918 F.2d 47 (7th Cir. 1990) .......................................................................................................2

*Hollister v. U.S. Postal Service*,
  142 F. App'x 576 (3d Cir. 2005) ...............................................................................................2

*Jackson v. Hands on Nursing, Inc.*,
  No. 1:18-CV-2442, 2019 WL 2355376 (M.D. Pa. June 4, 2019) ...........................................11

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Liab. Litig.*,
  903 F.3d 278 (3d Cir. 2018) ....................................................................................................11

*Khan v. Ocwen Fin. Corp.*,
  Civ. No. 16-3292, 2017 WL 590262 (E.D. Pa. Feb. 13, 2017) .................................................2

*Lewis v. Gov't Emps. Ins. Co.*,
  98 F.4th 452 (3d Cir. 2024) .....................................................................................................11

*Mackereth v. Kooma, Inc.*,
  No. CIV.A. 14-04824, 2015 WL 2337273 (E.D. Pa. May 14, 2015) ........................................3

*Mannino v. Passalacqua*,
    101 N.Y.S. 3d 381 (N.Y. App. Div. 2019) ..................................................................................7

*Morales v. Grand Cru Assoc.*,
    759 N.Y.S.2d 890 (N.Y. App. Div. 2003) ................................................................................10

*New Hampshire Ins. Co. v. Dielectric Commc'ns, Inc.*,
    872 F. Supp. 2d 458 (E.D. Pa. 2012) ........................................................................................9

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
    836 F.2d 173 (3d Cir. 1988) ......................................................................................................4

*Shovak v. Long Is. Commercial Bank*,
    858 N.Y.S.2d 660 (N.Y. App. Div. 2008) ................................................................................10

*Sosnowy v. A. Perri Farms, Inc.*,
    764 F. Supp. 2d 457 (E.D.N.Y. 2011) ...............................................................................6, 7, 9

*Student A v. Liberty Univ., Inc.*,
    697 F. Supp. 3d 496 (W.D. Va. 2023) .....................................................................................11

*Vescon Const., Inc. v. Gerelli Ins. Agency, Inc.*,
    948 N.Y.S.2d 636 (N.Y. App. Div. 2012) ................................................................................10

*Williams v. Bob Evans Rests., LLC*,
    No. 2:18-cv-01353, 2020 WL 4692504 (W.D. Pa. Aug. 13, 2020) ..........................................3

## Statutes

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ............................................................... *passim*

New York Labor Law § 191 .............................................................................................................6

New York Labor Law § 651 .............................................................................................................5

## Other Authorities

Black's Law Dictionary (12th ed. 2024) ..........................................................................................5

**INTRODUCTION**

Plaintiffs' consolidated opposition to the Defendants' motions to dismiss is long on verbiage but short on legal substance. In fact, Plaintiffs fail to respond at all to several dispositive arguments that Fordham University ("Fordham") raised in its motion to dismiss the Third Amended Complaint (ECF No. 134) ("TAC"). That oversight is fatal to their claims against Fordham. Plaintiffs effectively concede that they have not made any specific allegations against Fordham and instead rely on their impermissible group pleadings about "Defendants" as a whole. They have abandoned their unsupportable theory that Fordham was a joint employer with the NCAA and every other Defendant School as to every Plaintiff—presumably in recognition that Fordham, at best, only had a relationship with the two Plaintiffs who actually attended Fordham (and even then, an employment relationship is not sufficiently alleged as a matter of law, as set forth by Fordham and by the NCAA). Even where Plaintiffs did directly address Fordham's arguments—as to the New York Labor Law and unjust enrichment claims—they misstated the law and their own allegations in the TAC. In short, Plaintiffs have failed to allege any plausible claims for relief against Fordham. Fordham's motion to dismiss should be granted.

**ARGUMENT[1]**

I. **Plaintiffs' Silence Concedes That The TAC Is An Impermissible Group Pleading.**

In its motion, Fordham argued that the TAC is impermissibly vague because its allegations group all Defendants together, group all Plaintiffs together, and do not put Fordham on notice of what services each of the Plaintiffs allegedly performed for Fordham and how they allege Fordham specifically exercised control over the working conditions of each Plaintiff (including the Fordham

---

[1] Fordham expressly incorporates the arguments asserted by the NCAA, Marist University, and Cornell University in reply in support of their motions to dismiss Plaintiffs' TAC. (ECF Nos. 224, 225, 227.)

Plaintiffs). Plaintiffs' opposition fails to respond meaningfully to this argument. Instead, Plaintiffs rely on the length and "enormous body of facts" of their 716-paragraph TAC to argue that the TAC "support[s] the inference that an employment relationship exists." (ECF No. 222 at 1 ("Opp.").) In doing so, Plaintiffs hope to distract this Court from the TAC's omission of *any* allegation—let alone factually-specific, plausible allegation—that Fordham is a "joint employer" with any other school, or that Fordham allegedly "employed" any Plaintiff or alleged class member who did not attend Fordham. The TAC's conclusory allegations grouping all Defendants (and all Division I schools) together utterly fail to provide the requisite specificity to state plausible allegations *against Fordham*. Indeed, the TAC's 716 paragraphs reference Fordham only *four* times.

That Plaintiffs say nothing in response to Fordham's group pleading argument is consistent with Fordham's core contention: they cannot truthfully allege any specific fact tending to show that **Fordham** controlled any non-Fordham athlete at Fordham or at any other school. By failing to address the group pleading argument and not disputing the TAC's absence of allegations specific to Fordham or the Fordham Plaintiffs, Plaintiffs have waived their right to challenge it and conceded the point. It is well-established that a party's failure to raise legal arguments in opposition to a motion to dismiss results in waiver. *See, e.g.*, *Estate of Millner v. Bayada Nurses, Inc.*, Civ. No. 05–3164, 2006 WL 231993, at *2 (D.N.J. Jan. 30, 2006) (citing *Farnham v. Windle*, 918 F.2d 47, 51 (7th Cir. 1990), *Hollister v. U.S. Postal Service*, 142 F. App'x 576, 577 (3d Cir. 2005) (noting that where a represented party does not submit responsive arguments to a motion to dismiss, the motion may be deemed unopposed, and the court may grant it without analysis of the merits (internal citations omitted))); *see also Khan v. Ocwen Fin. Corp.*, Civ. No. 16-3292, 2017 WL 590262, at *2 n.3 (E.D. Pa. Feb. 13, 2017) (Padova, J.) (noting and exercising court's

2

discretion under E.D. Pa. Local Rule 7.1(c) to dismiss claims based on plaintiffs' failure to address arguments in motion to dismiss).

Finally, Plaintiffs' generalized arguments that they have stated sufficient facts to establish the required elements of their claims do not constitute a defense to Fordham's group pleading argument. The phrase "group pleading" is nowhere to be found in Plaintiffs' opposition. While Plaintiffs may believe they need discovery to identify what specific benefits Fordham (as opposed to any other Defendant School) received from the Fordham Plaintiffs' (or any Plaintiff's) "work" (Opp. at 14), that does not absolve them of their obligation to provide Fordham with notice of plausible allegations related to the specific claims asserted ***against Fordham***. *See Williams v. Bob Evans Rests., LLC*, No. 2:18-cv-01353, 2020 WL 4692504, at *6 (W.D. Pa. Aug. 13, 2020) ("Plaintiffs must make some more than *de minimis* factual allegations with respect to each defendant's role in the employer-employee relationship in order to support a single or joint employer theory." (citing *Mackereth v. Kooma, Inc.*, No. CIV.A. 14-04824, 2015 WL 2337273, at *6 (E.D. Pa. May 14, 2015), *DiFlavis v. Choice Hotels Int'l, Inc.*, No. CV 18-3914, 2019 WL 1505860, at *2–5 (E.D. Pa. Apr. 5, 2019), *Bedolla v. Brandolini*, No. CV 18-146, 2018 WL 2291117, at *5 (E.D. Pa. May 18, 2018))); *see also Davis v. Abington Mem'l Hosp.*, 817 F. Supp. 2d 556, 564–65, n.47 (E.D. Pa. 2011) (rejecting group joint employer pleading and requiring plaintiffs to allege "facts about which of the 86 entities they report each day, the relationship between their employer and the other entities, who directly supervised their employment, and any other information about who, specifically, set their rate of pay and other terms and conditions of employment," as a matter of notice, because "[w]ithout this information, the Court and the Defendants are unable to determine the extent to which any of the 86 entities and/or individuals could be liable.").

The TAC must be dismissed because Plaintiffs have failed to allege any specific facts as to Fordham, including in relation to the Fordham Plaintiffs and all other Plaintiffs.

## II. Plaintiffs Cannot Amend Their Pleading Through Briefing To Cure A Fundamental Defect As To Their Joint Employer Theory.

In their opposition, Plaintiffs attempt to recast their generalized allegations that the Defendant Schools and the NCAA all jointly employ each Plaintiff as allegations that the Plaintiffs "were jointly employed by both *their* school and the NCAA" (Opp. at 35)—*i.e.*, they abandon their specious unified joint employer theory. This acknowledges the validity of Fordham's argument: Plaintiffs have not pled plausible claims that each of the Plaintiffs were jointly employed by all the Defendant Schools (including those they did not attend) and the NCAA. (ECF No. 215 at 11–14 ("Mot.").) Nor have Plaintiffs plausibly alleged that Fordham was a joint employer of any Plaintiff who did not attend Fordham. (Mot. at 12.)

Plaintiff's new apparent theory—that each Plaintiff was only jointly employed by the NCAA and the specific Defendant School that the particular Plaintiff attended—is not what the TAC says. Plaintiffs cannot recharacterize their core federal and state labor law claims via their opposition to the present motions to dismiss. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Given the fatal deficiencies in the joint employer claims as pled in the TAC, dismissal (with prejudice) is appropriate.

Even if the Court were willing to allow Plaintiffs' opposition to fix their plainly deficient pleading, their argument goes much too far. It would mean that this lawsuit does not target a single or "joint" employer as a unitary defendant. It would mean—as Fordham maintains—that Plaintiffs have crammed eleven separate lawsuits (one for each school and the NCCA) into one suit, with none of the Defendant Schools having any actual relationship with one another.

**III.    Plaintiffs Cannot State A NYLL Claim As A Matter Of Law.**

As Fordham explained in its opening brief, NYLL § 651(5) includes a series of independent bases, (a) through (p), for excluding an individual from the definition of "employee" under certain circumstances.  (*See* Mot. at 14–15.)  If one of these circumstances applies, then an individual is not an employee and cannot maintain suit under New York Labor Law.  (*See id.*)

In their opposition, Plaintiffs effectively concede that Fordham is an educational institution and that the Fordham Plaintiffs were students.  (*See* Opp. at 39.)  Plaintiffs, instead, argue that these are insufficient bases to meet the subsection 5(h) exclusion.  But critically, Plaintiffs quote and analyze subsection (5)(**e**), *not* (5)(**h**) (though they mislabel it "(5)(h)" in their papers).  (*Compare id. with* NYLL § 651(5)(e), (h).)  These are entirely different exclusions.  This is fatal, as Plaintiffs' sole argument in support of their NYLL claims hinges on language found in subsection (5)(e) that is entirely absent from subsection (5)(h).

Subsection (5)(e) (what Plaintiffs actually quote) is limited to "a corporation, unincorporated association, community chest, fund or foundation organized exclusively for . . . educational purposes."[2]  Subsection (5)(h), on the other hand, only requires that an entity be an "educational . . . institution if such individual is a student" for the exclusion to apply.  There is no "exclusive purpose" requirement for subsection (5)(h).

Fordham asserted in its moving papers that subsection (5)(h) precludes Plaintiffs' claims.  (Mot. at 14–15.)  It is undisputed that Fordham University is an educational institution[3] (*see* Opp. at 39; TAC ¶¶ 102, 241 ("educational institutions")) and the Fordham Plaintiffs pled they were

---

[2]    The Court need not engage with Plaintiffs' arguments that Fordham would not qualify under subsection 5(e) (which Fordham disputes), as the "exclusive purpose" language does not apply.

[3]    "A school, seminary, college, university, or other educational facility, though not necessarily a chartered institution." *Educational Institution*, Black's Law Dictionary (12th ed. 2024).

5

students thereof (TAC ¶¶ 23, 24). Therefore, subsection 5(h) applies, and Plaintiffs are not "employees" under NYLL. Their NYLL claims cannot proceed as a matter of law.[4]

### IV. Plaintiffs Did Not Plausibly Plead Unjust Enrichment.

Plaintiffs' unjust enrichment claims against Fordham fail as a matter of law on several grounds: they are preempted by the overlapping federal and state labor law claims, they cannot survive where there are contracts between Fordham and the Fordham Plaintiffs, and Plaintiffs make no specific relevant allegations against Fordham to establish any unjust enrichment.

#### A. Plaintiffs' Unjust Enrichment Claim Is Precluded By Their Federal and State Statutory Claims.

As set forth in Fordham's motion, Plaintiffs' unjust enrichment claim is premised, at its core, on an alleged violation of the FLSA and/or NYLL, and therefore is preempted. (*See* Mot. at 16 (*citing Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 468, 470 (E.D.N.Y. 2011)).) Plaintiffs try to avoid dismissal by arguing that their unjust enrichment claim does not seek unpaid wages, but rather, demands as a remedy "the amount Defendant was unjustly enriched," which they claim is "undefined by law." (Opp. at 45.) But these semantics do not help Plaintiffs where their only theory of any alleged "injustice" is an alleged violation of the very federal and state labor laws that underlie their statutory claims. Each of the four paragraphs comprising their New York unjust enrichment claim references an alleged failure to provide compensation as ***required under the law***—which, as relevant to the New York Plaintiffs, would be the FLSA and NYLL:

---

[4] Notably, Plaintiffs do not contest Fordham's arguments that Count V should be dismissed because NYLL § 191 provides no private right of action for an alleged frequency-of-pay violation and the TAC fails to identify what hours each Plaintiff claims to have worked for Fordham. (Mot. at 14–15.) These unaddressed arguments are therefore conceded. *See supra* pp. 2–3 (citing caselaw that a party's failure to raise legal arguments in opposition to a motion to dismiss results in waiver). Plaintiffs' attempt to re-cast their deficient pleading as a scrivener's error (Opp. at 39 n.6) does not save their NYLL claims, as referencing "the whole labor law" does not provide fair notice of a plausible cause of action under Fed. R. Civ. P. 8. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6

- ¶ 629 – "uncompensated labor . . . without compensation"
- ¶ 630 – ". . . without properly paying compensation"
- ¶ 631 – ". . . while failing to properly compensate them for all hours worked as required by law"
- ¶ 632 – ". . . without proper compensation as required by law."

(TAC ¶¶ 629–32.)  Similarly, Plaintiffs mischaracterize the holding of *Sosnowy*.  In that case, the Court dismissed unjust enrichment claims as precluded to the extent that they sought the same types of payments that were provided by the FLSA and NYLL, and it allowed unjust enrichment to proceed as to claims for accrued vacation and sick time, which are not covered by the federal and state statutes.  *Sosnowy*, 764 F. Supp.2d at 468–70.  Critically the *Sosnowy* court explained, "central to this Court's analysis is whether the Plaintiff's state common law claims are premised on violations of the FLSA, or upon some other agreement between the parties to provide protection greater than that afforded by the FLSA."  *Id.* at 468.  In other words, more important than the remedy sought is the premise by which the remedy is sought.[5]  If the remedy is premised on a violation of a protection provided by statute, the unjust enrichment claim is precluded.

Here, while Plaintiffs demand "an amount equal to the benefits unjustly retained by the NCAA and the New York-based Defendants," at its core, the unjust enrichment claim centers on Plaintiffs' grievance that they did not receive compensation "as required by law."  (TAC ¶¶ 631–

---

[5] Plaintiffs' reliance on *Mannino v. Passalacqua*, 101 N.Y.S. 3d 381 (N.Y. App. Div. 2019), to argue that an unjust enrichment claim can proceed if there is no adequate remedy at law is inapposite; in fact, *Mannino* supports dismissal here.  In allowing an unjust enrichment cause of action to proceed (involving a disputed land deal—facts vastly different from those here), the *Mannino* court specifically noted that the plaintiff was not a party to the contract purportedly covering the conduct underlying the unjust enrichment claim.  Further, *Mannino* makes clear that the mere fact that the plaintiffs lacked an adequate remedy at law did not sustain the unjust enrichment claim.

7

32.) Their claims of unfairness are premised entirely on the legal protections that the statutes provide, not a separate theory of entitlement to benefits outside of the FLSA and NYLL.[6]

Additionally, as argued repeatedly, Plaintiffs' failure to allege any specific facts as to how Fordham (as opposed to any other Defendant, or even New York Defendant), was allegedly "enriched" is fatal to the unjust enrichment claim against Fordham. The New York Defendants are not a monolith, but rather, individual schools with distinct campuses, programs, student populations, budgets, and athletic departments. Conclusory generic allegations that "Defendants" were unjustly enriched because they "enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to their own benefit" (TAC ¶ 632) are insufficient. None of those allegations specifically address how *Fordham* (as opposed to any other school) "enjoyed reduced overhead" or "realized additional earnings and profits." Similarly, Plaintiffs' conclusory mention of "television and streaming deals, ticket sales sponsorships, sales of branded and promotional items and sports gear," (TAC ¶ 46 (cited by Opp. at 43)) is meaningless without Fordham-specific allegations addressing how Fordham allegedly partook of any of those alleged benefits, and how those benefits were unjust in light of the "work" that the Fordham Plaintiffs allegedly performed as part of their athletic participation at Fordham.

In sum, Plaintiffs have failed to establish—in the TAC and in their opposition—that their unjust enrichment claim is materially distinct from their statutory claims. It is not, and it therefore must be dismissed.

---

[6] Plaintiffs argue that because a core issue in this litigation is whether the FLSA and NYLL even apply to Plaintiffs, they cannot be precluded from asserting an unjust enrichment claim as an alternative to the statutory claims. (Opp. at 47.) But Plaintiffs are mistaken. If the Fordham Plaintiffs are not covered by the FLSA and the NYLL, then their unjust enrichment claims would likewise necessarily fail. The unjust enrichment claim is not a viable alternative cause of action; it hinges on the statutory claims and is therefore undisputedly duplicative.

B.     **New York Law Bars Unjust Enrichment Where There Is A Valid Contract.**

The unjust enrichment claim against Fordham should be dismissed on a separate, equally compelling ground—there is already a contract governing the relevant relationship between Fordham and the Fordham Plaintiffs.

Plaintiffs do not contest that Fordham Plaintiffs Kerkeles and Labella entered into scholarship agreements with Fordham that addressed the terms of participation in Fordham athletics for each of the years at issue in the TAC. Instead, they fault Fordham for not attaching the contracts to its initial motion and argue, baselessly, that "there is no way to determine" whether the agreements cover the "the full extent of the relationship between the parties." (Opp. at 49.) This approach falls flat.

First, of course, the TAC itself makes extensive reference to the fact that many of the Plaintiffs received scholarships in connection with their athletic participation; indeed, Plaintiffs themselves try to equate scholarships to a "benefit" for participation in D1 athletic teams, thereby conceding that the scholarship agreements cover the same conduct for which they assert an unjust enrichment claim. (*See, e.g.*, TAC ¶¶ 208 (alleging "many of the Plaintiffs received scholarships to play their D1 sport . . .. In other words, they were provided with a particular benefit for their labor—a reduced-cost education."), 332 (referencing "Proposed FLSA Collective on athletic scholarship").)

In any event, Fordham now appends the agreements themselves on reply. *See* Declaration of Sandra Musumeci ("Musumeci Decl."), at Exs. A–H. "Where a document is not incorporated by reference, the court may [nevertheless] consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Sosnowy*, 764 F. Supp. 2d at 475 (internal citations omitted); *see also New Hampshire Ins. Co. v. Dielectric Commc'ns, Inc.*, 872 F. Supp. 2d 458, 460 (E.D. Pa. 2012) *(citing In re Burlington Coat Factory*

9

*Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)) ("When, however, a document integral to or relied upon in the complaint is included, the court may also consider that document."). And the agreements themselves clearly cover all aspects of the relationship between Fordham and the Fordham Plaintiffs as concerns their athletic participation and the unjust enrichment claims. Specifically, the contracts cover "participation" on the athletic team, which "includes, but is not limited to practice, conditioning, team or athletic department meetings, competition, and post season events whenever they may occur." *See* Musumeci Decl. Exs. A–H. Because the relationship between Fordham and the Fordham Plaintiffs, as relevant to the claims, is already governed by contract, the unjust enrichment claim against Fordham may not proceed.[7] *See Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388 (1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.").

## V.     Plaintiffs Have Not Plausibly Pled Article III Injury.

As a threshold matter, Plaintiffs failed to argue that their claims of "reduced overhead" support a cognizable non-economic injury, and thus rightfully concede the point. (Opp. at 72.) Instead, Plaintiffs assert that they have alleged an Article III injury because they pled that "Plaintiffs were not paid for work they performed for the Defendants." (*See id.*) Plaintiffs are correct that this is, in theory, a *possible* economic injury. The trouble with Plaintiffs' argument is that they pled that they ***did*** receive "express" or "implied" compensation or "in-kind benefits"— including scholarships—"in return for" their athletic participation—likely at a magnitude that far

---

[7]   An existing agreement between the parties mandates the dismissal of an unjust enrichment claim—even when no breach of contract claim is asserted. *Cf. Vescon Const., Inc. v. Gerelli Ins. Agency, Inc.*, 948 N.Y.S.2d 636, 638 (N.Y. App. Div. 2012) (citing *Shovak v. Long Is. Commercial Bank*, 858 N.Y.S.2d 660, 663 (N.Y. App. Div. 2008) and *Morales v. Grand Cru Assoc.*, 759 N.Y.S.2d 890, 890 (N.Y. App. Div. 2003)) (dismissing unjust enrichment claim in light of established agreement despite the fact that no breach of contract claim was made).

10

outpaces minimum wage. (*See, e.g.*, TAC ¶¶ 199–209.) And if the financial benefit received by Plaintiffs exceeds their claimed injury—and it does—then Plaintiffs have not pled an Article III injury and these claims must be dismissed.

To have standing, "an injury must be 'real, and not abstract.'" *Lewis v. Gov't Emps. Ins. Co.*, 98 F.4th 452, 460 (3d Cir. 2024). Of course, "financial harm is among the most obvious concrete injuries." *Id.* (cleaned up and internal quotations omitted). A plaintiff "must allege facts that would permit a factfinder to value the purported injury at something more than zero dollars without resorting to mere conjecture." *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 285 (3d Cir. 2018).

FLSA claims should be dismissed when the defendant has paid the plaintiff more than the amount allegedly claimed under the FLSA. *Jackson v. Hands on Nursing, Inc.*, No. 1:18-CV-2442, 2019 WL 2355376, at *2 (M.D. Pa. June 4, 2019). A college credit—as opposed to cash—does not change the standing requirements. *See, e.g.*, *Student A v. Liberty Univ., Inc.*, 697 F. Supp. 3d 496, 517 (W.D. Va. 2023). So long as the "alleged tortfeasor compensated [plaintiffs] from its own coffers an amount exceeding total financial injury, and that the tortfeasor said the payment was at least in part for the asserted financial injury," there is no injury. *Id.* at 515.

Scholarships were paid in part for the Fordham Plaintiffs' participation in team sports. Plaintiffs argue that the scholarships that Plaintiffs received "were provided [as] a particular benefit for their labor." (Opp. at 32.) In fact, Plaintiffs even argue that the scholarships—among other items—are effectively "wages." (*Id.*) While Fordham disagrees that these are "wages," Fordham did enter into agreements with the Fordham Plaintiffs to provide scholarships in exchange for each's participation on their relevant sports team. As explained in *Jackson* and *Liberty University*, when a party compensates another party "from its own coffers in an amount

11

exceeding total financial injury" and the payment was identified "at least in part for the asserted financial injury"—regardless of the precise characterization, *e.g.*, wages or scholarship—there is no economic injury.

Here, the Fordham Plaintiffs' scholarships markedly exceeded their claimed economic injuries—a fact Plaintiffs implicitly concede. While the Fordham Plaintiffs have not pled how many hours either of them purportedly "worked," Plaintiffs have not sought overtime, so the absolute maximum of their FLSA claim could be forty-hour weeks, fifty-two-weeks per year, at minimum wage ($7.25 per hour), or a maximum of $15,080 per year.[8] As Plaintiffs have pled, scholarships offer significantly more value per year. As explained above, *supra* Section IV, this Court may take judicial notice of the fact that Plaintiff Kerkeles received scholarships between $47,850 and $52,980 per year for each year of play. *See* Musumeci Decl. Exs. A–D. And Plaintiff Labella received scholarships between $17,308 and $40,506.40[9] for each year of play alleged. *See id.* Exs. E–H. Both numbers are larger than the maximum amount available to Plaintiffs under the FLSA. Plainly, the Fordham Plaintiffs have not plausibly pled that their economic injury exceeds the amount they were already provided by Fordham for participation in their respective team sports, as they have the burden to do.

Because Plaintiffs only claim an economic injury, and the Fordham Plaintiffs have pled that they received benefits which exceed the maximum amount available to the Fordham Plaintiffs in this suit in exchange for engaging in their respective team sports, the Fordham Plaintiffs lack Article III standing to maintain this suit against Fordham.

---

[8] Further analysis of Plaintiffs' allegations would show that, based on Plaintiffs' allegations of the limits of play and practice time, on or off season, imposed by the NCAA, it is highly probable that these allegations could not exceed $4,930–$6,061 per year.

[9] Plaintiff Labella's initial scholarship for the 2019–2020 academic year was $18,412 but it was increased by 120% percent. *See* Musumeci Decl. Exs. G and H.

12

**CONCLUSION**

For the reasons set forth herein, Fordham respectfully requests that this Court dismiss all claims against Fordham in the Third Amended Complaint with prejudice.

DATED: August 21, 2025                    Respectfully submitted,

                                          By:  /s/ Steven W Schlesinger
                                          Steven W Schlesinger (Pa. Bar No. 332869)
                                          Mark A. Konkel (admitted *pro hac vice*)
                                          Sandra L. Musumeci (admitted *pro hac vice*)
                                          **KELLEY DRYE & WARREN LLP**
                                          3 World Trade Center
                                          175 Greenwich Street
                                          New York, NY 10007
                                          Telephone: (212) 808-7800
                                          Facsimile: (212) 808-7897
                                          sschlesinger@kelleydrye.com
                                          mkonkel@kelleydrye.com
                                          smusumeci@kelleydrye.com

                                          *Counsel for Defendant Fordham University*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 21st day of August, 2025.

/s/ Steven W Schlesinger
Steven W Schlesinger (Pa. Bar No. 332869)

*Counsel for Defendant Fordham University*