# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH "TREY" JOHNSON, STEPHANIE KERKELES, CLAUDIA RUIZ, JACOB WILLEBEEK-LEMAIR, ALEXA COOKE, RHESA FOSTER, ZACHARY HARRIS, MATTHEW SCHMIDT, TAMARA SCHOEN STATMAN, GINA SNYDER, ESTEBAN SUAREZ; and LIAM WALSH, individually and on behalf of all persons similarly situated, | Case No.: 2:19-cv-05230 (JP) |
| Plaintiffs, | **DEFENDANT UNIVERSITY OF ARIZONA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a/k/a the NCAA, and the following NCAA Division I Member Schools as representatives of a Defendant Class of all private and semi-public NCAA Division I Member Schools: | |
| CORNELL UNIVERSITY, FORDHAM UNIVERSITY, LAFAYETTE COLLEGE, SACRED HEART UNIVERSITY, VILLANOVA UNIVERSITY, UNIVERSITY OF OREGON, TULANE UNIVERSITY, UNIVERSITY OF NOTRE DAME, UNIVERSITY OF ARIZONA, PURDUE UNIVERSITY, DUKE UNIVERSITY, and MARIST UNIVERSITY, | |
| Defendants. | |

# **TABLE OF CONTENTS**

**Page**

I.   PLAINTIFFS WAIVED CLAIMS UNDER THE ARIZONA MINIMUM WAGE ACT
     AND ANY UNJUST ENRICHMENT THEORY............................................................. 1

II.  UoA IS ENTITLED TO ELEVENTH AMENDMENT SOVERIGN IMMUNITY......... 5

III. A FOURTH AMENDMENT WOULD BE FUTILE AND ANY REQUEST FOR
     ADMENDMENT SHOULD BE DENIED ........................................................................ 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Hollister v. U.S. Postal Serv.*,
  142 F. App'x 576 (3d Cir. 2005) ............................................................4

*Ankele v. Hambrick*,
  286 F. Supp. 2d 485 (E.D. Pa. 2003) ......................................................4

*Ansel Adams Publ'g Rts. Tr. v. PRS Media Partners, LLC*,
  502 F. App'x 659 (9th Cir. 2012) ..........................................................8

*Ariz. Students' Ass'n v. Ariz. Bd. of Regents*,
  824 F.3d 858 (9th Cir. 2016) ..................................................................7

*Ariz. Bd. of Regents v. Arizona York Refrigeration Co.*,
  565 P.2d 518 (Ariz. 1977) ......................................................................6

*Bd. of Regents of Univs. & State Coll. v. City of Tempe*,
  356 P.2d 399 (Ariz. 1960) ......................................................................3

*Coe v. Hirsch*,
  2021 U.S. Dist. LEXIS 230151 (D. Ariz. Dec. 1, 2021) ........................3

*Deer Valley Unified Sch. Dist. No. 97 v. Houser*,
  152 P.3d 490 (Ariz. 2007) ......................................................................2

*Falcon ex rel. Sandoval v. Maricopa County*,
  144 P.3d 1254 (Ariz. 2006) ....................................................................2

*Farnham v. Windle*,
  918 F.2d 47 (7th Cir. 1990) ....................................................................5

*Fitchik v. New Jersey Transit Rail Operations, Inc.*,
  873 F.2d 655 (3d Cir. 1989) ..........................................................5, 6, 7, 8

*Gorney v. Ariz. Bd. of Regents*,
  43 F. Supp. 3d 946 (D. Ariz. 2014) ........................................................8

*Gorney v. Arizona Bd. of Regents*,
  2013 U.S. Dist. LEXIS 136573 (D. Ariz. Sept. 24, 2013) ......................7

*Haygood v. Younger*,
  769 F.2d 1350 (9th Cir. 1985) (en banc) ................................................7

*Isaacs v. Trs. of Dartmouth College,*
    2014 U.S. Dist. LEXIS 118046 (E.D. Pa. Aug. 25, 2014)........................................................6

*Marlowe Patent Holdings LLC v. Dice Electronics, LLC,*
    293 F.R.D. 688 (D.N.J. 2013)........................................................9

*Martineau v. Maricopa County,*
    207 Ariz. 332 (Ariz. Ct. App. 2004) ........................................................2

*Merchenthaler v. United States,*
    2020 U.S. Dist. LEXIS 44830 (M.D. Pa. March 16, 2-020)........................................................9

*Milner v. Bayada Nurses, Inc.,*
    2006 U.S. Dist. LEXIS 3709 (D.N.J. Jan. 30, 2006) ........................................................5

*Mohareb v. Maricopa Cnty. Special Health Care Dist.,*
    2024 U.S. Dist. LEXIS 95077 (D. Ariz. May 29, 2024) ........................................................2

*Nichol v. On Point Solar Power LLC,*
    2022 U.S. Dist. LEXIS 106974 (D. Ariz. June 15, 2022) ........................................................3

*O'Neal v. Middletown Twp.,*
    2019 U.S. Dist. LEXIS 59 (D.N.J. Jan. 2, 2019) ........................................................4

*Person v. Teamsters Local Union 863,*
    2013 U.S. Dist. LEXIS 149252 (D.N.J. Oct. 17, 2013)........................................................5

*Ramirez v. Ariz. State Treasurer,*
    2018 U.S. Dist. LEXIS 176461 (D. Ariz. June 20, 2018) ........................................................8

*Redgrave v. Ducey,*
    2018 U.S. Dist. LEXIS 174963 (D. Ariz. Oct. 10, 2018) ........................................................8

*Ronwin v. Shapiro,*
    657 F.2d 1071 (9th Cir. 1981) ........................................................6

*Rutledge v. Ariz. Bd. of Regents,*
    660 F.2d 1345 (9th Cir. 1981) ........................................................4, 7

*RX Releaf LLC v. Relief TMS LLC,*
    2024 U.S. Dist. LEXIS 214947 (D.N.J. Nov. 26, 2024)........................................................9

*Saxton v. Cent. Pennsylvania Teamsters Pension Fund,*
    2003 U.S. Dist. LEXIS 23983 (E.D. Pa. Dec. 9, 2003)........................................................4

*Smith v. Nat'l Flood Ins. Program,*
    156 F. Supp. 2d 520 (E.D. Pa. 2001) ........................................................4

*Souffrant v. Hyrowich*,
  2009 U.S. Dist. LEXIS 149683 (E.D. Pa. June 18, 2009) ........................................4

*State v. Miser*,
  72 P.2d 408 (Ariz. 1937) ..........................................................................................3

*Toth v. Bristol Township*,
  215 F. Supp. 2d 595 (E.D. Pa. 2002) ........................................................................4

*Wanmei Ni v. Univ. of Ariz.*,
  2016 U.S. Dist. LEXIS 189566 (D. Ariz. Mar. 14, 2016) .........................................7

*Wonlah v. Domus, Inc.*,
  2025 U.S. Dist. LEXIS 72577 (E.D. Pa. April 16, 2025) ..........................................4

*Zamora v. Ariz. Bd. of Regents*,
  2023 U.S. Dist. LEXIS 118300 (D. Ariz. July 7, 2023) ............................................4

**Statutes**

Ariz. Rev. Stat. § 12-821.01(A) ...........................................................................................2

Arizona Minimum Wage Act, Ariz. Rev. Stat. § 23-363 .................................1, 3, 4, 5

Ariz. Rev. Stat. § 23-362(B) ................................................................................................3

Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ......................................................5, 8

**Other Authorities**

Fed. R. C. P. 12(b)(1) ..........................................................................................................5

In response to Plaintiffs' flimsy Third Amended Complaint ("TAC"), the University of Arizona ("UoA") joined in the NCAA's Motion to Dismiss (Dkt. 203) and separately moved for dismissal based on (1) the protections afforded to it under the Eleventh Amendment's sovereign immunity provisions, (2) Plaintiffs' failure to file or serve the statutorily required notice of claim against UoA before asserting Arizona Minimum Wage Act ("AMWA") and unjust enrichment claims, (3) the AMWA and unjust enrichment claims being time barred, and (4) UoA's insulation from AMWA claims because it is not a statutory "employer." (Dkt. 198).

Though Plaintiffs opposed the motions, they ignored entirely the points raised in (2) through (4) above, unequivocally waiving them. And though Plaintiffs half-heartedly addressed the issue of sovereign immunity, they did so only by calling the case law establishing immunity "outdated" and "inaccurate."  Even a cursory reading of those cases shows they are neither. Because Plaintiffs have not set forth any viable claims against UoA in the TAC, the causes of action must be dismissed, in their entirety, and with prejudice.[1]

## I.    PLAINTIFFS WAIVED CLAIMS UNDER THE ARIZONA MINIMUM ACT AND ANY UNJUST ENRICHMENT THEORY.

Count XV of Plaintiffs' TAC alleges Plaintiffs Schoen and Snyder were the victims of violations of the AMWA for failure to pay the prevailing minimum wage. (TAC ¶ 541). Plaintiffs also allege that UoA received and benefitted from their uncompensated labors, giving rise to an unjust enrichment claim. (TAC ¶ 698). UoA moved to dismiss for two distinct reasons: first,

---

[1] UoA again joins in the Reply Brief filed by the NCAA (Dkt. 224).

Plaintiffs failed to file a notice of claim and second, their claims are time barred. Either reason provides an independent basis to dismiss both state law claims.[2]

As set forth in its Motion to Dismiss, Arizona law imposes specific limits as to when and how a person can pursue a claim against UoA. Under A.R.S. § 12-821.01(A), any "persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure *within one hundred eighty days after the cause of action accrues*." A.R.S. § 12-821.01(A) (emphasis added). "If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute." *Mohareb v. Maricopa Cnty. Special Health Care Dist.*, 2024 U.S. Dist. LEXIS 95077, *3-4 (D. Ariz. May 29, 2024) (a party seeking to bring a claim against a public entity must file a notice of claim with that entity within 180 days of the action accruing that must contain a specific amount for which the claim can be settled and the facts supporting that amount.); *Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006) (failure to timely file the notice renders the claim time barred); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 492 (Ariz. 2007) (if a notice of claim is not filed within 180 days, no action may later be brought); *Martineau v. Maricopa County*, 207 Ariz. 332, 335-36 (Ariz. Ct. App. 2004) ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A).").

It is undisputed that Plaintiffs did not initiate this action against UoA and the Arizona Board of Regents ("ABOR") until the Second Amended Complaint, filed in September 2021 (Dkt. 670),

---

[2] Plaintiffs' claim that UoA somehow recognized the validity of the unjust enrichment claim by failing to move to dismiss on its own is fallacious. Though UoA joined in the NCAA's motion, it also independently moved to dismiss Plaintiffs' untenable unjust enrichment claim.

more than two years after their graduation and final games in 2019. (TAC, ¶ 29-30). At the time of filing, the statutory period had long since passed and Plaintiffs' state law claims under the AMWA and for unjust enrichment are unequivocally time barred.

Neither in the TAC nor their opposition do Plaintiffs contest the existence and applicability of Arizona's Notice of Claim statute, nor do they contend that they attempted to serve such a notice but were unable to do so on grounds of equitable estoppel, waiver, and equitable tolling. Indeed, not only is the TAC devoid of any allegation that Plaintiffs filed a notice of claim within the statutory period (or at all), but they also ignore the argument entirely in their briefing. This failure is incurable and warrants dismissal of the TAC with prejudice.

Similarly, UoA moved to dismiss these claims because it and ABOR—the governing body for Arizona's public universities—are not statutory "employers" and thus cannot be liable under the AMWA. To state a claim under the AMWA, a plaintiff must allege that (1) the defendant is an "employer" under the statute, (2) the plaintiff is a qualified employee, and (3) the plaintiff was not paid the applicable minimum wage for hours worked. *Coe v. Hirsch*, 2021 U.S. Dist. LEXIS 230151, at *2 (D. Ariz. Dec. 1, 2021) (citing Ariz. Rev. Stat. Ann. § 23-363; *Nichol v. On Point Solar Power LLC*, 2022 U.S. Dist. LEXIS 106974, at *3 (D. Ariz. June 15, 2022)).

Though the AMWA broadly defines an "employer," it specifically *exempts* from this definition "the state of Arizona, the United States, or a small business." Ariz. Rev. Stat. § 23-362(B). The Arizona Supreme Court has repeatedly confirmed that UoA and ABOR are considered the state of Arizona. *Bd. of Regents of Univs. & State Coll. v. City of Tempe*, 356 P.2d 399 (Ariz. 1960) ("We think it perfectly clear . . . that the Board of Regents may, for all purposes, be classified as a public agency of the State rather than a private corporation."); *see also State v. Miser*, 72 P.2d 408, 413 (Ariz. 1937) (the University comes within the term, "state," as used in the Minimum

Wage Law.); *Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1349 (9th Cir. 1981) (ABOR is "treated as the State of Arizona under Arizona law."); *see also Zamora v. Ariz. Bd. of Regents*, 2023 U.S. Dist. LEXIS 118300, at *8 (D. Ariz. July 7, 2023) (dismissing with prejudice the plaintiff's ADA and ADAAA claims against ABOR, as an arm of the state). UoA's Motion to Dismiss the TAC articulates the reasoning and case law precluding this type of suit against UoA and ABOR, as neither is an employer as defined by the AMWA and, thus, cannot be liable under the statute.

Yet again, Plaintiffs wholly ignore this reason for dismissal. Such an exclusion of any argument cannot be said to be an oversight either, because the opposition addresses the application of state minimum wage laws for Connecticut, Indiana, New York, North Carolina, Oregon, and Pennsylvania. (Dkt. 222, pgs. 38-41).

It is well-settled in this district that "briefs in opposition must contain '[f]ully developed legal argument, citation to legal authority, and discussion of the relevant facts....'" *Wonlah v. Domus, Inc.,* 2025 U.S. Dist. LEXIS 72577, *5-6 (E.D. Pa. April 16, 2025) citing *Souffrant v. Hyrowich*, 2009 U.S. Dist. LEXIS 149683, at *2 (E.D. Pa. June 18, 2009) (alterations in original) (quoting *Copenhaver v. Borough of Bernville,* 2003 U.S. Dist. LEXIS 28748, at *2, n.1 (E.D. Pa. Jan. 10, 2003)); *see also Saxton v. Cent. Pennsylvania Teamsters Pension Fund*, 2003 U.S. Dist. LEXIS 23983, at *24 (E.D. Pa. Dec. 9, 2003); *Toth v. Bristol Township*, 215 F. Supp. 2d 595, 598 (E.D. Pa. 2002); *Smith v. Nat'l Flood Ins. Program,* 156 F. Supp. 2d 520, 522 (E.D. Pa. 2001). Plaintiffs' failure to present *any* substantive argument in opposition to UoA's argument means that they have "conceded the point." *O'Neal v. Middletown Twp.*, 2019 U.S. Dist. LEXIS 59, *9 (D.N.J. Jan. 2, 2019) citing *13 Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (noting that a party's failure to oppose an argument raised in a motion to dismiss constitutes waiver of the

same); *Ankele v. Hambrick*, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003), aff'd, 136 F. App'x 551 (3d Cir. 2005) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it."); *Person v. Teamsters Local Union 863*, 2013 U.S. Dist. LEXIS 149252, at *2 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver."). For this reason alone, Plaintiffs' AMWA and unjust enrichment claims against UoA must be dismissed. *Milner v. Bayada Nurses, Inc.*, 2006 U.S. Dist. LEXIS 3709, (D.N.J. Jan. 30, 2006) (citing *Farnham v. Windle*, 918 F.2d 47, 51 (7th Cir. 1990)) (noting that where party, represented by an attorney, does not submit responsive arguments to a motion to dismiss, the motion *should be deemed unopposed,* and the court may grant it without analysis of the merits).

## II.    UOA IS ENTITLED TO ELEVENTH AMENDMENT SOVERIGN IMMUNITY

In Count I of the TAC, Plaintiffs attempt to assert an FLSA claim against UoA for allegedly failing to compensate Plaintiffs the legally required minimum wage for all hours "worked" during their time as student-athletes. (TAC, ¶ 330 - 346). UoA moved to dismiss Count I under Fed. R. C. P. 12(b)(1) for lack of jurisdiction based on UoA's Eleventh Amendment sovereign immunity.

In their opposition, Plaintiffs concede that the Eleventh Amendment generally bars lawsuits against un-consenting states. (Dkt. 222, pg. 58). Plaintiffs also do not contest that UoA and ABOR are "arms of the state."  Instead they argue—in just 2 paragraphs—that (1) the case law establishing that the state would pay any judgment against UoA or ABOR, the first *Fitchik* factor, is 44 years old; and (2) the abundance of case law further establishing immunity under the other *Fitchik* factors are somehow "lacking in analysis." Neither argument holds water.

As set forth more fully in UoA's Motion to Dismiss, under *Fitchik,* courts assess (1) the funding factor: whether the state treasury is legally responsible for an adverse judgment entered against the alleged arm of the State; (2) the status under state law factor: whether the entity is

treated as an arm of the State under state case law and statutes; and (3) the autonomy factor: whether, based largely on the structure of its internal governance, the entity retains significant autonomy from state control. *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989). Nothing in Plaintiffs' opposition casts doubt that each of these factors weigh heavily in favor of immunity.[3]

First, while the quintessential case holding that the state would pay any judgment against ABOR—*Ronwin v. Shapiro*—is indeed 44 years old, it has been cited nearly 100 times, including *by this Court. See*, *e.g., Isaacs v. Trs. of Dartmouth College*, 2014 U.S. Dist. LEXIS 118046, at *41-42 (E.D. Pa. Aug. 25, 2014) ("The [Arizona Board of Regent]'s funds consist of state funds and it is treated as the State of Arizona pursuant to Arizona law") (citing *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981)) ("[W]e conclude that the [Arizona] Board of Regents is protected by the eleventh amendment…"); *Ariz. Bd. of Regents v. Arizona York Refrigeration Co.,* 565 P.2d 518, 520 (Ariz. 1977) (seeking damages against the Board of Regents is a lawsuit against the state). Those cases all extend Eleventh Amendment sovereign immunity to ABOR—necessarily finding that it meets the first factor.

Instead of providing this Court with case law to the contrary, Plaintiffs claim that even if ABOR was immune from suit in 1981, when *Ronwin* was decided, ABOR has since passed Policy 1-116 (adopted in 1993 and revised in 2024). Plaintiffs insinuate—without support—that Policy 1-116, enacted after *Ronwin*, somehow changes the breadth of immunity that shields ABOR. What Plaintiffs do not disclose is that the revision in 2024 simply aligned the university president's

---

[3] For brevity, UoA will not repeat the arguments on every factor (and subfactor) here.

settlement authority to the state of Arizona's authority to settle matters without committee review.[4] Aside from increasing the settlement authority, Policy 1-116 was not substantively changed since its adoption in 1993. Dozens of cases have been reported since 1993, each reaching the same determination: that ABOR is immune from suit.

Not only do these cases establish that a money judgment would be paid by the state, they also clearly satisfy the second factor of *Fitchik*, that UoA and ABOR have been consistently treated as arms of the state. See *Ansel Adams Publ'g Rts. Tr. v. PRS Media Partners, LLC*, 502 Fed.App'x. 659, 660-61 (9th Cir. 2012) (ABOR, as the governing body of Arizona's public universities, is immune from federal law suits pursuant to the Eleventh Amendment); *Gorney v. Ariz. Bd. of Regents*, 2013 U.S. Dist. LEXIS 136573 (D. Ariz. Sept. 24, 2013) ("The [Arizona Board of Regent]'s funds consist of state funds and it is treated as the State of Arizona pursuant to Arizona law."); *Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1349 (9th Cir. 1981) (abrogated on other grounds by *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985) (en banc)) ("The Arizona Board of Regents is treated as the State of Arizona under Arizona law."); *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016) ("We have previously held that ABOR is an arm of the State of Arizona for Eleventh Amendment purposes."); *Wanmei Ni v. Univ. of Ariz.*, 2016 U.S. Dist. LEXIS 189566, at *4 (D. Ariz. Mar. 14, 2016) ("Therefore, to the extent that Eleventh Amendment sovereign immunity applies to the State of Arizona, it would apply equally to the University of Arizona and the Arizona Board of Regents.").

---

[4] *See* Executive Summary: Proposed Revision to ABOR Policy 1-116 "Settlement of Claims and Litigation" (Second Reading), Board of Regents Meeting, April 17-19, 2024, attached hereto as <u>Exhibit A</u>.

While Plaintiffs generally contend that the final factor of *Fitchik* disallows for immunity, they provide no argument, no rationale, no case law, and no facts whatsoever to reach that conclusion. Because UoA satisfies the three-part *Fitchik* test, it is immune from Plaintiffs' suit.

Moreover, not only have courts—without exception—found that immunity applies to ABOR, but they have also done so in this exact context. *See Ramirez v. Ariz. State Treasurer*, 2018 U.S. Dist. LEXIS 176461, at *2-3 (D. Ariz. June 20, 2018) (finding that Eleventh Amendment immunity applies to claims for alleged wage violations under federal law); *Gorney v. Ariz. Bd. of Regents*, 43 F. Supp. 3d 946, 951-52 (D. Ariz. 2014) (finding that ABOR was entitled to sovereign immunity on the plaintiff's FLSA claim); *Redgrave v. Ducey*, 2018 U.S. Dist. LEXIS 174963, at *6 (D. Ariz. Oct. 10, 2018) (finding that Arizona was entitled to broad sovereign immunity against FLSA claims). In sum, pursuant to well-settled precedent, the Eleventh Amendment bars suits that seek relief against a state, an "arm of the state," its instrumentalities, or its agencies. *Ansel Adams Publ'g Rts. Tr. v. PRS Media Partners, LLC*, 502 F. App'x 659, 660 (9th Cir. 2012). Again, aside from urging the Court to ignore these holdings, Plaintiffs have done nothing in their briefing to allow the Court to hold differently.

While Plaintiffs criticize the cases cited by UoA, they themselves have not cited case *any* beyond *Fitchik*. The rationale for this is simply: no such case law exists. As a result, UoA is immune from Plaintiffs' FLSA claim and Count I must be dismissed, with prejudice.

## III. A FOURTH AMENDMENT WOULD BE FUTILE AND ANY REQUEST FOR ADMENDMENT SHOULD BE DENIED

All claims against UoA should be dismissed with prejudice, as allowing for a fourth amended complaint would be futile. A claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. An amendment is futile if it is "frivolous or advance[s] a claim or

defense that is legally insufficient on its face." *RX Releaf LLC v. Relief TMS LLC*, 2024 U.S. Dist. LEXIS 214947 (D.N.J. Nov. 26, 2024) (citing *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013)). No amendment could cure the deficiencies in the TAC.

Moreover, Plaintiffs' failure to address the arguments advanced by UoA equally supports denying Plaintiffs yet another bite at the apple. The onus is on Plaintiffs to provide a well-drafted complaint that alleges factual support for its claims. *Merchenthaler v. United States*, 2020 U.S. Dist. LEXIS 44830, *6-7 (M.D. Pa. March 16, 2020). Plaintiffs' failure to put forth any plausible entitlement to relief in response to the Motion to Dismiss is an express admission that no meritorious claim exists.

Date:  August 21, 2025                    Respectfully submitted,

                                          COZEN O'CONNOR

                                          */s/ Marla N. Presley*
                                          Marla N. Presley
                                          PA ID No. 91020
                                          mpresley@cozen.com
                                          One Oxford Centre, 41st Floor
                                          301 Grant Street
                                          Pittsburgh, PA 15219
                                          (412) 562-8800

                                          *Counsel for Defendant, University of Arizona*